GOODALL-SANFORD, INC., *v.* UNITED TEXTILE
WORKERS OF AMERICA, A. F. L.
LOCAL 1802, ET AL.

No. 262.  Argued March 25–26, 1957.—
Decided June 3, 1957.

*Douglas M. Orr* argued the cause for petitioner.  With him on the brief were *William B. Mahoney* and *Daniel T. Drummond, Jr.*

*David E. Feller* argued the cause for respondents.  With him on the brief were *Sidney W. Wernick* and *Arthur J. Goldberg.*

MR. JUSTICE DOUGLAS delivered the opinion of the Court.

This case, a companion case to No. 211, *Textile Workers Union of America* v. *Lincoln Mills of Alabama, ante,* p. 448, was brought by respondent-union in the District Court to compel specific performance

of a grievance arbitration provision of a collective bargaining agreement between it and petitioner. The controversy arose over the layoff of employees incident to a curtailment of production and a liquidation of the plants in question. Petitioner terminated the employment of the men who were laid off. The respondent protested the termination of employment, claiming that the men should not have been discharged, thus preserving certain accrued rights to fringe benefits (such as insurance, pensions, and vacations) payable to laid-off employees.

The District Court granted specific performance. 131 F. Supp. 767. The Court of Appeals affirmed, 233 F. 2d 104, relying on its prior decision in *General Electric Co.* v. *United Electrical Workers, ante,* p. 547. For the reasons given in No. 211, *Textile Workers Union of America* v. *Lincoln Mills of Alabama, ante,* p. 448, we think the Court of Appeals was correct in affirming the District Court's judgment ordering enforcement of the agreement to arbitrate.

There remains the question whether an order directing arbitration is appealable. This case is not comparable to *Baltimore Contractors* v. *Bodinger,* 348 U. S. 176, which held that a stay pending arbitration was not a "final decision" within the meaning of 28 U. S. C. § 1291. Nor need we consider cases like *In re Pahlberg,* 131 F. 2d 968, and *Schoenamsgruber* v. *Hamburg Line,* 294 U. S. 454, holding that an order directing arbitration under the United States Arbitration Act is not appealable. The right enforced here is one arising under § 301 (a) of the Labor Management Relations Act of 1947. Arbitration is not merely a step in judicial enforcement of a claim nor auxiliary to a main proceeding, but the full relief sought. A decree under § 301 (a) ordering enforcement of an

552

arbitration provision in a collective bargaining agreement is, therefore, a "final decision" within the meaning of 28 U. S. C. § 1291.

*Affirmed.*

MR. JUSTICE BURTON, whom MR. JUSTICE HARLAN joins, concurs in the result in this case for the reasons set forth in his concurrence in No. 211, *Textile Workers Union of America* v. *Lincoln Mills of Alabama, ante,* p. 459.

MR. JUSTICE BLACK took no part in the consideration or decision of this case.

[For dissenting opinion of MR. JUSTICE FRANKFURTER, see *ante,* p. 460.]