COMMUNICATIONS WORKERS OF AMERICA, AFL–CIO, Plaintiff,

v.

GENERAL TELEPHONE COMPANY OF KENTUCKY, Defendant.

No. 1606.

United States District Court
E. D. Kentucky,
Lexington Division.

Jan. 5, 1965.

Adair, Goldthwaite, Stanford & Daniel, Atlanta, Ga., William S. Black, Lexington, Ky., for plaintiff.

Harbison, Kessinger, Lisle & Bush, Lexington, Ky., for defendant.

SWINFORD, Chief Judge.

This is an action brought by a labor organization against an employer under Section 301 of the Labor Management Relations Act as amended (29 U.S.C. § 185). Under this section of the statute the court has jurisdiction to order specific performance of collective bargaining agreements containing arbitration clauses and, where either party has in a given case declined to submit a grievance to arbitration, to direct by proper order the submission of the matter to arbitration. The sole function of the court is to determine whether or not the contract covers the issue in dispute.

The plaintiff is a labor organization representing employees of the defendant, a telephone company of Kentucky engaged in interstate commerce and having its principal office and place of business in Lexington, Kentucky.

The plaintiff and the defendant are parties to a collective bargaining contract containing a standard arbitration clause to the effect that grievances, differences or disputes shall be referred to an impartial arbitrator. On two occasions the plaintiff filed grievances complaining that the defendant was using managerial personnel in categories excluded by provisions of the contract. The defendant filed answers denying the merits of such grievances and contended further that the grievance had not been requested within the forty days time provision contained in the contract.

The plaintiff has moved for a summary judgment asking the court to enter its decree for specific performance directing the defendant to perform its contractual agreement to arbitrate.

The law in this case is well settled and it would serve no useful purpose to recite the clear rules set forth by the Supreme Court and appellate courts which govern cases of this character. See Textile Workers Union of America v. Lincoln Mills, 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972; United Steelworkers of America, AFL–CIO v. Warrior & Gulf Co., 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409; Jefferson City Cabinet Co. v. International Union of E., R. & M. W., 6 Cir., 313 F.2d 231 (1963).

It is for the parties to agree upon which matters are to be subject to arbitration and which are not to be subject to arbitration and the arbitration provisions can be as broad or as restricted as the parties may agree. Where there is disagreement between the parties as to whether or not a particular issue is arbitrable, the court will construe the contract but limit its decision to a determination of that question. In the present case it is for the court to determine as a matter of law whether the dispute is within or without the scope of the specific arbitration clause in the contract between the parties.

In interpreting the written agreement the fundamental rule of contracts that the intention of the parties governs must be kept in mind. However, "[a]n order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage." United Steelworkers of America, AFL–CIO v. Warrior & Gulf Co., supra. At another place in the opinion Mr. Justice Douglas said: "In the absence of any express provision excluding a particular grievance from arbitration, we think only the most forceful evidence of a purpose to exclude the claim from arbitration can prevail, particularly where, as here, the exclusion clause is

vague and the arbitration clause quite broad." See also International Tel. & Tel. Corp. v. Local 400, Etc., 2 Cir., 286 F.2d 329.

■ Before proceeding to a discussion of the pertinent portions of the contract, the defense of failure to request arbitration within forty days after the decision was rendered on the first three steps of the grievances can be answered by reference to the case of John Wiley & Sons v. Livingston, 376 U.S. 543, 84 S.Ct. 909, 11 L.Ed.2d 898 (1964), wherein it was held that procedural questions growing out of a dispute and bearing on its disposition are to be determined by the arbitrator.

An analysis, then, of the intention of the parties, as manifested in their arbitration clause, is necessary. Article XXXVI, Sec. 1. A, of the collective bargaining agreement provides that

"If the Union and the Company fail to settle by negotiations any difference or dispute between them arising out of, pertaining to, or involving the interpretation, meaning, application, performance, or operation of any of the provisions of any contract, such grievance, difference, or dispute shall be referred upon written demand of either party to an impartial arbitrator."

Subsection B. therein provides that

"Neither the Union nor the Company shall take any steps or inaugurate any proceedings, legal or otherwise, to stay the arbitration of any such difference or dispute except and exclusively for the following reasons:

"1. That the grievance procedure has not been exhausted * * *

"2. That the difference or dispute is expressly or specifically excluded from arbitration by express terms in the contract. Unless the contract expressly provides that a specified difference or a specified dispute involving the interpretation, meaning; application, performance, or operation of a particular provision is excluded from arbitration, no such dif-

ference or dispute shall be considered non-arbitrable."

The foregoing is the clause which this court must interpret. Must the defendant company arbitrate this particular dispute under the terms of this arbitration clause?

■ The union claims that the company is using supervisory personnel (meaning non-union members) of the Commercial Department in two locations to perform certain work, whereas the recognition clause of the agreement allows the union to represent such workers doing that work, hence the recognition clause, Article XXXI, has been violated. The defendant company contends that Article XXXI concerns only recognition, that the employees so used in the Commercial Department are company employees who are not represented by the plaintiff union, that the work they are doing has traditionally and with the union's knowledge been performed by company employees and hence the dispute is without the arbitration clause and not arbitrable.

In view of the language of Article XXXVI, however, the defendant's contentions cannot be sustained. The arbitration clause is very broad and inclusive. It requires arbitration for any difference or dispute arising out of, pertaining to, or involving the interpretation, meaning, application, performance or operation of the provisions of the contract; furthermore, it is provided that unless a dispute or difference is expressly excluded from arbitration, such dispute concerning the contract shall not be considered non-arbitrable. This clause, Article XXXVI, expresses the explicit intent of the parties that *all* matters concerning the contract, unless specifically excluded, are arbitrable, and this dispute here is not specifically excluded.

The union claims an agreement article has been violated and demands arbitration. The company decides the article has not been violated and refuses to arbitrate. Obviously this is a dispute arising over the interpretation, meaning, application or operation of the collective

bargaining agreement. This court has no authority to adjudge the plaintiff's grievance right or wrong,—the court cannot adjudge any merits of plaintiff's grievance; this court can only decide whether the subject so raised by the grievance procedure falls within the coverage of the collective bargaining agreement's arbitration clause. The answer is that it does.

The instant situation is not one wherein the union makes a grievance so unrelated and obviously without the coverage of the agreement and arbitration clause that anyone who did look and think would see that arbitration could not be enforced. Nor does the mere tagging of a grievance with a reference to the collective bargaining agreement make a grievance arbitrable. Generally, an agreement will specify certain subjects to be arbitrable and exclude certain others, or it will declare that all subjects not excluded are arbitrable. The latter case is present here and the additional degree of broadness is obvious from the latter's phrasing. In both instances, a comparison of the facts and the arbitration clause is necessary,—without any consideration of the merits of the cause. Here, reasonable or not, a question involving an interpretation of Article XXXI is sought to be arbitrated and that question is not excluded anywhere in the contract; hence it is arbitrable under the terms of the clause.

█ Upon this set of facts and law, plaintiff has moved for summary judgment under Rule 56, Federal Rules of Civil Procedure, 28 U.S.C.A. This rule authorizes a summary judgment where there is no controverted issue of material facts and where the moving party is entitled to judgment as a matter of law. Some types of cases are more susceptible to summary judgments than others. In a labor arbitration case, where the material facts are not controverted and where the only question before the court is the issue of arbitrability—and arbitrability being the ultimate question of law, then the case is very appropriate for summary judgment. See, e. g., Goodall-Sanford v. United Textile Workers of America, AFL Local 1802, 353 U.S. 550, 77 S.Ct. 920, 1 L.Ed.2d 1031.

The material facts are not in dispute in this case. Plaintiff union initiated a grievance which went through the three levels of the grievance procedure, the grievance concerned a violation of the parties' agreement, the company denied the grievance, the union requested arbitration and the company refused. The grievance concerned the interpretation, application, meaning or operation of the parties' collective bargaining contract and hence was within the arbitration clause. All the facts necessary to reach this legal conclusion are present. The defendant admits that the two grievances were initiated; its denial, however, controverts only facts which go to the merits of deciding the grievance raised by the union's claim and this court cannot consider the merits of the grievance claim. No other facts are extant to negative this court's conclusion. Christ's affidavit, stating that plaintiff's copy of the grievance hearings was not complete, does not put in issue any material facts which go to the question of arbitrability. The facts that the union initiated two grievances alleging violations of Article XXXI and the company's rejection thereof and ultimate refusal to arbitrate are the material facts—and these facts are not in dispute. The subject of the grievances presents a dispute which on its face seems to come within the coverage of the arbitration clause of the contract.

An order in conformity with this memorandum is this day entered.