Peter F. CLARK, as President of Ice Cream Drivers and Employees Union Local 757, etc., et al., Plaintiffs-Appellants,

v.

KRAFTCO CORPORATION et al., Defendants-Appellees.

Docket No. 71-1526.

United States Court of Appeals, Second Circuit.

Argued Aug. 9, 1971.

Decided Aug. 26, 1971.

Samuel J. Cohen, New York City (Cohen, Weiss & Simon, Stanley M. Berman, New York City, on the brief), for plaintiffs-appellants.

John F. Cannon, New York City (Sullivan & Cromwell, New York City, on the brief), for defendant-appellee Kraftco Corp.

Before FEINBERG, MULLIGAN and TIMBERS, Circuit Judges.

FEINBERG, Circuit Judge:

This is a motion by appellee Kraftco Corporation to dismiss the appeal of Ice Cream Drivers and Employees Union Local 757 and Milk Drivers and Dairy Employees Union Local 680 [1] from an order of the United States District Court for the Southern District of New York, Harold R. Tyler, Jr., J., 323 F.Supp. 358, denying the Locals' motion for summary judgment in a breach of contract suit under section 301 of the Labor Management Relations Act, 29 U. S.C. § 185. For reasons explained below, we agree with Kraftco that Judge Tyler's order is not "final" under 28 U. S.C. § 1291 and, therefore, dismiss the appeal.

The background of this motion can be briefly stated. Kraftco and Locals 757 and 680 signed an agreement, dated April 25, 1968, respecting the planned closing of Kraftco's Breyer Ice Cream Plant in Newark, New Jersey. Among other things, the agreement provided that the actuarial consultant to the industry-wide pension fund would determine the impact, if any, of the closing of the Breyer plant and that, if the pension fund was found to be adversely affected, Kraftco would pay to the fund an amount determined by the consultant. About 18 months after the agreement was signed, the consultant determined that the liability of Kraftco to the pension fund was $978,100. After Kraftco refused to pay that amount, the Locals instituted this suit.

In the district court, the Locals moved for summary judgment on the grounds that the agreement made the findings of the consultant final and binding on Kraftco and, in the absence of fraud or misconduct, the court could not go be-

hind those findings. The district court did not agree and, relying primarily on its finding that the parties did not intend to allow the actuarial consultant to resolve ambiguities in the contract, denied summary judgment. In addition, the court set aside the findings of the consultant, remanded the case to the consultant for redetermination, pursuant to N.Y.C.P.L.R. § 7601, of Kraftco's liability to the pension fund, and ordered that the consultant's report include findings as to certain specific matters. From this order, the Locals filed a notice of appeal.

■ The Locals recognize that generally an order denying summary judgment is not appealable. They point out, however, that the district court not only denied summary judgment but also vacated the consultant's determination, set aside and reformed the contract sued upon and *sua sponte* compelled arbitration. Essentially, the Locals present two theories supporting appealability. First, relying on Goodall-Sanford, Inc. v. United Textile Workers, 353 U.S. 550, 77 S.Ct. 920, 1 L.Ed.2d 1031 (1957), they argue that Judge Tyler's order is appealable because it compelled arbitration in a section 301 suit. Second, citing Gillespie v. United States Steel Corp., 379 U.S. 148, 85 S.Ct. 308, 13 L.Ed.2d 199 (1964), they contend that the order is appealable under a practical construction of finality. This is so, they contend, because the order denied them the only relief they sought, the recovery of the sum determined by the consultant, and because the expense and delay involved in the remand to the consultant outweighs the inconvenience and cost of a piecemeal review.

■ As to the first argument, the Locals assume that Judge Tyler's order can properly be regarded as though it were an order compelling arbitration.[2]

---

1. Both Locals are affiliated with the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America.

2. As stated above, the remand to the actuarial consultant was pursuant to N.Y.C.P. L.R. § 7601 "as if it were an arbitration." In addition, Judge Tyler ordered that,

This is by no means clear. The contract does not provide for arbitration and neither party requested it. Thus, Kraftco argues that Judge Tyler did not reform the contract sued upon and turn it into an agreement to arbitrate. Doubtless the situation before us is an unusual one, and Judge Tyler's order is a hybrid. While the Locals' characterization of the order is certainly not far-fetched, the order also resembles a district court reversal of findings of a referee with a remand to him for further findings, for which Kraftco cites Bass v. Olson, 327 F.2d 662 (9th Cir. 1964) and Hillcrest Lumber Co. v. Terminal Factors, Inc., 281 F.2d 323 (2d Cir. 1960). Such a reference to a master would not ordinarily be regarded as final. See 5 J. Moore, Federal Practice ¶¶ 53.05[3], 53.-13[3] (2d ed. 1970); cf. 1966 Amendment to Fed.R.Civ.P. 53 (expanded the term "master" to include "assessor").

■ On the assumption that the order directs arbitration, it is true that such an order, while seemingly interlocutory, may be appealable in certain circumstances. But even on that assumption, the Locals have overstated the scope of the *Goodall-Sanford* decision. That case was an action under section 301 to compel specific performance of an arbitration provision in a collective bargaining agreement. In that context, the Supreme Court, reasoning that the arbitration was "not merely a step in judicial enforcement of a claim nor auxiliary to a main proceeding, but the full relief sought," held that a decree ordering a specific performance of the arbitration provision was final within the meaning of 28 U.S.C. § 1291. 353 U.S. at 551–52. As the language just quoted indicates, however, that decision does not change the rule of this circuit that an order

compelling arbitration when made in the course of a continuing litigation rather than when handed down in an independent proceeding is not a final order. Chatham Shipping Co. v. Fertex S.S. Corp., 352 F.2d 291, 294 (2d Cir. 1965); Farr & Co. v. Cia. Intercontinental De Navegacion, 243 F.2d 342, 345 (2d Cir. 1957). See Rogers v. Schering Corp., 262 F.2d 180, 182 (3d Cir.), cert. denied sub nom., Hexagon Laboratories, Inc. v. Rogers, 359 U.S. 991, 79 S.Ct. 1121, 3 L.Ed. 980 (1959).[3] As Judge Tyler has retained jurisdiction over this suit and further action by him on the merits is necessary, the order appealed from is one made in the course of a continuing litigation. Therefore, even on the questionable assumption that Judge Tyler's order is the same as the more usual order directing arbitration, we conclude that it is interlocutory rather than final.

■ Nor do we believe that the district court's order is final under the rule of Gillespie v. United States Steel Corp., *supra*. All that the Court decided in *Gillespie* was that a court of appeals has the power to review an order in a "marginal" case within the " 'twilight zone' of finality" where the questions presented on appeal are "fundamental to the further conduct of the case" and "the inconvenience and costs of piecemeal review" are outweighed by "the danger of denying justice by delay." 379 U.S. at 152–154, 85 S.Ct. at 311–312. Difficult questions of appealability may require a court of appeals to review the entire record in detail. *Gillespie* recognizes the judicial inefficiency inherent in reviewing an entire appeal and then deciding that the court of appeals cannot act because it does not have jurisdiction. See Green v. Wolf Corp., 406 F.2d 291, 302 (2d Cir. 1968), cert. denied, 395 U.

"subject to waiver by stipulation of the parties," the determination on remand "be attended by the formalities which normally accompany an arbitration under Article 75 of the New York Civil Practice Law and Rules."

3. Similarly inapplicable is the confusing line of cases concerning whether an order

refusing or granting a stay pending arbitration is an appealable interlocutory order under 28 U.S.C. § 1292(a). See the thorough analysis of these decisions in Standard Chlorine, Inc. v. Leonard, 384 F.2d 304 (2d Cir. 1967).

S. 977, 89 S.Ct. 2131, 23 L.Ed.2d 766 (1969); 9 J. Moore, Federal Practice ¶ 110.12 (2d ed. 1970). However, the power recognized in *Gillespie* should be used sparingly, and we do not believe that this is a proper case for its exercise.

■ Judge Tyler did not rule that Kraftco had no liability under the contract. Rather he decided that on one particular theory of the law and facts such liability could not be found and ordered "further proceedings" under Fed.R.Civ.P. 56(d). This does not differ appreciably from a pre-trial order that limits the legal or factual issues to be presented or controls the procedure to be used at trial. Such an order is not appealable as a matter of right. Cf. 28 U.S.C. § 1292(b). It is true that the Locals will incur expense and delay as a result of the order below, but probably no more so than had Judge Tyler simply denied summary judgment on his construction of the contract and provided that all the issues should be tried in the district court in the first instance rather than remanding some of them to the consultant. No doubt the Locals would say that such a course would also have been uncalled for under the contract, but the correctness of an order does not ordinarily determine its finality. In that event, the Locals would still have been "required to bear the costs of witness fees, appraisers' fees,

attorneys' fees, [and] a stenographic transcript," expenses which they now urge as justifying appealability.[4]

Moreover, unlike *Gillespie,* interests of judicial efficiency will not be served by allowing the appeal. Neither side has briefed the basic substantive issues on appeal and we, obviously, have not considered them. Indeed, allowing the appeal at this time rather than after the district court makes an award, if any, may very well result in the needless expenditure of judicial effort. Even were we to reverse Judge Tyler's order, we could not grant full relief to the Locals because Kraftco raises the issue, not passed upon by Judge Tyler, that under the Locals' theory, the consultant's report contains clear errors totaling as much as $500,000.[5]

■ The federal policy against piecemeal or premature appellate review is a basic one, embodying several important considerations. See American Express Warehousing, Ltd. v. Transamerica Insurance Co., 380 F.2d 277, 280 (2d Cir. 1967). In light of this policy, the case for review of this apparently interlocutory order must be very strong. While the Locals' arguments have been presented persuasively, they are not sufficient to carry the day. We grant Kraftco's motion to dismiss the appeal for lack of finality under 28 U.S.C. § 1291.

---

4. Memorandum of Plaintiffs-Appellants in Opposition to Motion to Dismiss Appeal at 22.

5. The Locals also rely on Plymouth Mutual Life Insurance Co. v. Illinois Mid-Continent *Life Insurance Co.,* 378 F.2d 389 (3d Cir. 1967), where an appeal was allowed from a post-judgment order modifying a judicially-approved settlement agreement. However, the court there emphasized that since a post-judgment order was involved, "the policy against and the probability of avoidable piecemeal review are less likely to be decisive after judgment than before." 378 F.2d at 391. At most, the case indicates that "it is sometimes appropriate" for practical reasons to relax the technical rules of finality. *Id.* But we do not think that this is such a case.