754 F.2d 138
 118 L.R.R.M. (BNA) 2625, 102 Lab.Cas. P 11,351
 UNITED STEELWORKERS OF AMERICA, DISTRICT 36, LOCAL 8249,
Appellant/Cross-Appellee
v.
ADBILL MANAGEMENT CORP., d/b/a Limetree Beach Hotel, a
Corp., Appellee/Cross-Appellant
 Nos. 83-3490, 83-3491.
 United States Court of Appeals,
Third Circuit.
 Argued Dec. 4, 1984.
Decided Feb. 7, 1985.
 
 William E. Mitch (Argued), Robert H. Stropp, Jr., Cooper, Mitch & Crawford, Birmingham, Ala., Bernard Kleiman, Carl B. Frankel, Pittsburgh, Pa., John R. Coon, Christiansted, St. Croix, V.I., for appellant, cross-appellee.
 George H.T. Dudley (Argued), Carol G. Hurst, Dudley, Dudley & Topper, Charlotte Amalie, St. Thomas, V.I., for appellee, cross-appellant.
 Before SEITZ, GIBBONS and SLOVITER, Circuit Judges.
 OPINION OF THE COURT
 SEITZ, Circuit Judge.
 
 
 1
 Local 8249 of the United Steelworkers of America ("Union") and the Adbill Management Corporation, doing business as the Limetree Beach Hotel ("Hotel"), each appeal from an order of the district court directing further arbitration in this labor dispute. The Hotel also appeals from that portion of the district court's order which dismissed with prejudice its motion to vacate the original arbitration award. Subject matter jurisdiction exists pursuant to 29 U.S.C. Sec. 185 and 28 U.S.C. Sec. 1337. This court has appellate jurisdiction under 28 U.S.C. Sec. 1291.
 
 I. BACKGROUND
 
 2
 The present dispute centers around the discharge of nine members of the Hotel's housekeeping staff. The nine maids were discharged in January of 1982 for violating a work rule which prohibited employees from carrying handbags when working in the guest areas of the hotel.
 
 
 3
 The Union represents the bargaining unit of Hotel employees that includes the nine discharged maids. The Hotel and the Union were parties to a collective bargaining agreement that became effective on August 1, 1980, and remained in force throughout the relevant period. The Union, contending that the discharges were without cause, filed grievances on behalf of the nine maids. When the parties were unable to resolve the grievances, the matter was submitted to arbitration pursuant to the terms of the collective bargaining agreement.
 
 
 4
 The arbitrator rendered his decision on July 13, 1982. Although the arbitrator found that the maids were "clearly at fault ... because of the defiant and insubordinate nature of their behavior," App. at 19, he concluded that in view of certain mitigating circumstances, discharge was too harsh a sanction for the maids' misconduct. He therefore modified the discharges, treating them as suspensions without pay until the date that arbitration award was received. The Hotel was ordered to "reinstate all of the grievants to their former employment, but without back pay." App. at 21.
 
 
 5
 Upon receipt of the arbitral award, the Hotel notified the Union that the nine maids would be reinstated to the payroll as of August 3, 1982. The Hotel went on to state, however, that because of low occupancy and a concomitant reduction in work hours, the maids would be placed on indefinite layoffs and would be returned to actual duty when hotel occupancy demanded.
 
 
 6
 In October of 1982, the Union filed a complaint in the district court, requesting court enforcement of the arbitration award. The Union also sought damages for the Hotel's alleged failure to comply with the award. The Hotel counterclaimed, seeking to vacate the award on the ground that the arbitrator had acted beyond the scope of his authority. Each party moved for summary judgment as to both the complaint and the counterclaim.
 
 
 7
 The district court granted the Union's motion for summary judgment as to the counterclaim, holding that the arbitrator had not exceeded the bounds of his contractual authority. The district court then remanded the case to the arbitrator to resolve the parties' dispute regarding reinstatement of the maids. Specifically, the arbitrator was directed to determine whether the Hotel did, in fact, reinstate the nine maids and whether, in simultaneously laying off the maids, it had acted in good faith to comply with the arbitrator's decision. By remanding the case, the district court effectively denied both parties' motions for summary judgment on the complaint. The district court judge originally retained jurisdiction pending the arbitrator's report, but later amended his order deleting the retention of jurisdiction so that his decision became final and appealable.[1] These appeals followed.
 
 II. DISCUSSION
 A. Enforceability of the Arbitration Award
 
 8
 We address at the outset the Hotel's cross-appeal resting on the contention that the award is unenforceable because the arbitrator exceeded his authority in ordering the maids' reinstatement. In essence, the Hotel's argument is that since the collective bargaining agreement grants the Hotel the discretion to impose one of several disciplinary sanctions upon a finding of just cause, the arbitrator was without authority to second guess the Hotel management as to the propriety of the particular sanction invoked. Rather, the arbitrator's role is limited to that of determining whether just cause existed. In the present case, the arbitrator found that the maids had violated a specific work rule and that "the seriousness of [this offense] ... generally gives sufficient grounds for a penalty so severe and extreme as the discharge." App. at 20. Thus, the Hotel maintains that just cause did in fact exist, and the arbitrator should have upheld the dismissal.
 
 
 9
 The Hotel's contention must fail for two reasons. First, despite his findings quoted above, the arbitrator specifically concluded that "[t]he discharge of the nine grievants in this case was not for just cause." App. at 21. Second, an arbitrator's decision is legitimate and entitled to enforcement "so long as it draws its essence from the collective bargaining agreement." United Steelworkers v. Enterprise Wheel & Car Corp., 363 U.S. 593, 597, 80 S.Ct. 1358, 1361, 4 L.Ed.2d 1424 (1960). Here, modification of the disciplinary sanction by the arbitrator is expressly authorized by the collective bargaining agreement. It provides in pertinent part:
 
 
 10
 In case of suspension and discharge, the parties may agree to, or the arbitrator may enter, an arbitration award confirming the suspension or discharge, dismissing and providing or not, total or partial backpay; providing for disciplinary action short of suspension and discharge, if it appears the conduct of the employee warrants it.
 
 
 11
 Collective Bargaining Agreement, Section 8.6, App. at 42. [emphasis added].
 
 
 12
 The Hotel argues that the arbitrator was not empowered to modify the disciplinary sanction in this case because there was no finding of mitigating circumstances with respect to the employees' conduct. This contention is factually incorrect. The arbitrator cited three mitigating circumstances in support of his decision. First, he looked to the maids' past conduct and found no previous violations of management rules. Second, the arbitrator found that the present dispute was an "isolated affair."[2] Finally, he suggested that the maids may have been motivated to disregard the handbag rule out of an erroneous belief that the rule would not be enforced. The arbitrator found that the Hotel had contributed to this misconception by its past complaisance about enforcing the rule. In any event, he believed that the maids' conduct, in relying upon prior experience, was not so egregious as to warrant their discharge. Thus, we conclude that the arbitrator acted within the scope of his authority in ordering reinstatement of the nine maids.
 
 B. Remand to the Arbitrator
 
 13
 Both parties contest the propriety of the district court's decision to resubmit the case to the arbitrator. A remand for further arbitration is appropriate in only certain limited circumstances such as when an award is incomplete or ambiguous. See generally R. Gorman, Labor Law 598-99 (1976). Although neither party argues that the award is ambiguous, they differ as to the meaning of arbitrator's order to "reinstate all of the grievants to their former employment." App. at 21. The Hotel argues that "reinstatement" is accomplished by placing the names of the discharged maids back on the payroll. In contrast, the Union argues that "reinstatement" requires that the maids be returned to work.
 
 
 14
 Despite the apparent disagreement between the parties, we do not consider the phrase "reinstate[ment] ... to their former employment" to be ambiguous. Rather, we view the plain language of the award to clearly require that the nine discharged maids be returned to actual duty. Since we have determined that the award is unambiguous, the district court's remand to the arbitrator on the issue of reinstatement was improper.
 
 
 15
 Our resolution of this issue makes it unnecessary to consider whether the district court erred in remanding to the arbitrator the additional question of whether the Hotel complied in good faith with the arbitration award. The Hotel was ordered to implement the award within seven days of its issuance. Yet it is undisputed that the Hotel did not afford the maids active employment for some time following the arbitrator's decision. For this reason, we must conclude that the Hotel did not comply with the award, and a judgment to that effect should be entered.
 
 
 16
 As to the appropriate remedy, it was brought to our attention by the Union's counsel at oral argument that all nine of the maids were eventually returned to actual employment. Hence, the sole issue remaining in this case concerns the proper measure of damages which flow from the Hotel's noncompliance during the pertinent period. We will remand the case to allow the district court to resolve this damages issue.
 
 C. Attorneys Fees
 
 17
 The Union requests an award of attorneys fees and other costs incurred in connection with this appeal. The Union has not articulated any basis for such a request in this court. In the absence of such instruction, we must conclude that our decision in Vasquez v. Fleming, 617 F.2d 334 (3d Cir.1980) is controlling and that such expenses may not be awarded under 5 V.I.C. Sec. 541 as costs on this appeal.
 
 
 18
 The district court did not rule on the Union's request for attorneys fees and other costs incurred in that court. We believe that such a request should be presented to and determined by the district court in the first instance.
 
 III.
 
 19
 In deciding this appeal, we have not relied upon those sections of the Union's brief which the Hotel complains were improper and prejudicial. We therefore deny as moot the Hotel's motion to strike those portions of the Union's brief.
 
 IV.
 
 20
 The order of the district court will be affirmed to the extent that it grants summary judgment to the Union on the Hotel's counterclaim. The order will be vacated insofar as it directs additional arbitration. The case will be remanded to the district court for further proceedings consistent with this opinion.
 
 
 
 [1]
 The Supreme Court has held that an order compelling arbitration in a labor dispute is appealable as a final order under 28 U.S.C. Sec. 1291. Goodall-Sanford v. United Textile Workers, 353 U.S. 550, 77 S.Ct. 920, 1 L.Ed.2d 1031 (1957). The Court reasoned that "[a]rbitration is not merely a step in judicial enforcement of a claim nor auxiliary to a main proceeding, but the full relief sought." Id. at 551. Similarly, in this case, the additional arbitration proceedings represent the "full relief" available to the parties because the district court has relinquished all jurisdiction over the dispute. We therefore view the district court's order as a final one which may be appealed pursuant to 28 U.S.C. Sec. 1291
 
 
 [2]
 The Hotel contests whether this was an "isolated affair" and suggests that by the arbitrator's own findings, the maids were given several warnings for earlier violations of the handbag rule. "[I]f an examination of the record before the arbitrator reveals no support whatsoever for his determinations, his award must be vacated." NF & M Corp. v. United Steelworkers, 524 F.2d 756, 760 (3d Cir.1975) (dictum). See Electronics Corp. v. International Union of Electrical, Radio and Machine Workers, AFL-CIO Local 272, 492 F.2d 1255 (1st Cir.1974). Viewing the record as a whole, we cannot say that there was no evidentiary support for the arbitrator's determination that discharge was unwarranted
 Finally, given the very limited scope of judicial review of labor arbitration awards, we are not free to substitute our own judgment for that of the arbitrator. See United Steelworkers v. American Manufacturing Co., 363 U.S. 564, 567-68, 80 S.Ct. 1358, 1361, 4 L.Ed.2d 1424 (1960). Thus, assuming arguendo that we agreed with the Hotel's decision to discharge the maids, we could not decline to enforce the award on this basis. See Kane Gas Light & Heating Co. v. International Brotherhood of Firemen & Oilers, Local 112, 687 F.2d 673 (3d Cir.1982), cert. denied, 460 U.S. 1011, 103 S.Ct. 1251, 75 L.Ed.2d 480 (1983).