**HOWARD ELECTRICAL AND ME-CHANICAL COMPANY, INC., a Colorado Corporation, Plaintiff-Appellee,**

**v.**

**FRANK BRISCOE COMPANY, INC., a New Jersey Corporation, et al., Defendants-Appellants.**

No. 84–1878.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 16, 1985.

Decided Feb. 28, 1985.

William J. Ferguson Jr., McLean, Va., Watt, Tieder, Killian & Hoffar, Vienna, Va., for plaintiff-appellee.

David Riddle, Las Vegas, Nev., for defendants-appellants.

Before CHOY, FARRIS and BEEZER, Circuit Judges.

BEEZER, Circuit Judge:

A construction subcontractor filed a diversity action in the District of Nevada against a New Jersey-based general contractor for work and materials supplied. The district court granted the subcontractor's request for an order compelling arbitration, and denied the contractor's request to transfer the action to the District of New Jersey. The contractor appeals both decisions. The subcontractor asserts that this court lacks jurisdiction to hear the appeal. We hold that we have jurisdiction to hear the appeal from the arbitration order but not the appeal from the denial of transfer. We affirm the arbitration order.

## A. FACTS

In March 1977, the Frank Briscoe Co. ("Briscoe") and the Clark County Sanitation District ("Owner") entered into a contract for the construction of a wastewater treatment plant. Briscoe, as the general contractor for the project, executed a statutory bond to assure the payment of claims for labor and materials used in the con-struction. *See* Nev.Rev.Stat. § 339.015 *et seq.*

Briscoe then entered into a subcontract with the Howard Electrical and Mechanical Co. ("Howard") to perform certain electrical and instrumentation work. The subcontract contained a number of provisions relevant to this action.

First, paragraph 19 of the subcontract required the parties to submit to binding arbitration any "controversy or claim arising out of or relating to" the subcontract.

Second, paragraph 5 provided that if Briscoe or the Owner ordered any work beyond the scope of the original subcontract, "recovery by [Howard] shall be conditioned on a prior recovery therefore by [Briscoe] from the Owner." Similarly, paragraph 7 allowed Briscoe to withhold scheduled monthly payments from Howard "unless said money has actually been received by [Briscoe] from the Owner with respect to [Howard's] branch of work . . . ."

Third, paragraph 9 purported to absolve Briscoe from any liability to Howard for delays caused by the Owner's or Briscoe's "act, neglect or default." The provision adds, however, that if and only if Briscoe actually receives damages or other compensation from the Owner for such delays, then Howard will be entitled to its proportionate share.

Finally, paragraphs 30 and 31 of the subcontract provide that any action arising out of the subcontract must be filed in New Jersey, the state of Briscoe's incorporation, and that the contract will be interpreted in accordance with New Jersey law.

In 1982 a dispute arose over the performance of the subcontract. Howard submitted to Briscoe a claim for over $7.5 million for work performed and materials supplied beyond the original scope of the agreement. It then filed this action in the District of Nevada, seeking recovery for breach of contract and tort and for services rendered. Howard next submitted to Briscoe two demands for arbitration. Briscoe refused to submit to arbitration on the

ground that the dispute was not arbitrable until Briscoe settled its pending claims against the Owner.

Briscoe moved to transfer the Nevada action to the District of New Jersey or, in the alternative, to stay proceedings pending the outcome of arbitration or to dismiss. Howard petitioned for an order to compel arbitration pursuant to Section 4 of the Federal Arbitration Act (the "Act"). *See* 9 U.S.C. § 4.

On March 23, 1984, the Nevada District Court entered an order denying Briscoe's motions to transfer or dismiss but granting its motion for a stay pending arbitration. The court also granted Howard's motion to compel arbitration. Briscoe appeals only from the portions of the order denying transfer and compelling arbitration.

Howard filed a motion to dismiss the appeal for lack of jurisdiction. A civil motions panel denied the motion on the ground that the arbitration order was a "final decision" appealable under 28 U.S.C. § 1291. Howard now challenges the panel's decision as well as the appealability of the refusal to transfer the action.

## B. APPELLATE JURISDICTION OVER ORDER COMPELLING ARBITRATION

■ Howard claims that the order compelling arbitration was not an appealable "final decision." *See* 28 U.S.C. § 1291. He asserts that prior Supreme Court cases establish the non-appealability of the order, and that the Ninth Circuit case relied on by the motions panel is distinguishable. *See Goodall-Sanford, Inc. v. United Textile Workers of America*, 353 U.S. 550, 77 S.Ct. 920, 1 L.Ed.2d 1031 (1957); *Schoenamsgruber v. Hamburg American Line*, 294 U.S. 454, 55 S.Ct. 475, 79 L.Ed. 989 (1935); *Francesco's B., Inc. v. Hotel & Restaurant Employees and Bartenders Union*, 659 F.2d 1383 (9th Cir.1981).

The two Supreme Court cases do not support Howard's position. In *Goodall-Sanford*, the Court expressly declined to consider cases involving the appealability of arbitration orders under the Act. 353 U.S. at 551, 77 S.Ct. at 920. In *Schoe-*

*namsgruber*, the Court held that an order compelling arbitration pursuant to former Section 8 of the Act was not appealable. *See* 294 U.S. at 456, 55 S.Ct. at 476. Current Section 4 of the Act is involved in the case at bar.

Appellee's attempt to distinguish *Francesco's B.* is also unconvincing. Although the arbitration order in that case was based on a federal labor statute rather than the Act, there is no substantial reason to treat the two types of arbitration orders differently. In this circuit both types of arbitration orders, when rendered in the course of an ongoing action, are immediately appealable final orders. *See Francesco's B.*, 659 F.2d at 1388; 28 U.S.C. § 1291. We therefore have jurisdiction to review the arbitration order.

## C. ORDER COMPELLING ARBITRATION

■ Briscoe contends that the order compelling arbitration was erroneous as a matter of law because a number of contractual "conditions precedent" to arbitration have not been met. Essentially, Briscoe argues that it must receive full payment from the Owner before Howard is entitled to arbitrate the dispute. The district court found that the subcontract provisions relied on by Briscoe did not constitute conditions precedent to arbitration. A determination of the arbitrability of a dispute, like the interpretation of any contractual provision, is subject to de novo review. *Mediterranean Enterprises, Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1462–63 (9th Cir.1983).

Under Section 4 of the Act, the district court must order arbitration if it is satisfied that "the making of the agreement for arbitration or the failure to comply therewith is not in issue ...." 9 U.S.C. § 4. Therefore, the district court "can only determine whether a written arbitration agreement exists, and if it does, enforce it 'in accordance with its terms.'" *Weyerhaeuser Co. v. Western Seas Shipping Co.*, 743 F.2d 635, 637 (9th Cir.) *cert. de-*

*nied*, —— U.S. ——, 105 S.Ct. 544, 83 L.Ed.2d 431 (1984).

■ The general guidelines for determining whether an arbitration agreement exists and should be enforced were recently explained by the Supreme Court in *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). The Court began by noting the strong congressional policy favoring arbitration. 460 U.S. at 22, 23, 103 S.Ct. at 940, 941. This policy "requires a liberal reading of arbitration agreements." 460 U.S. at 23, n. 27, 103 S.Ct. at 940, n. 27. The Court added:

> [t]he Arbitration Act establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability.

460 U.S. at 24–25, 103 S.Ct. at 941–942 (footnote omitted).

■ Under this standard, the district court correctly held that the subcontract provisions relied on by Briscoe were not conditions precedent to arbitrability. None of the provisions expressly referred to arbitration. Paragraph 19 of the subcontract explicitly provided for arbitration during ongoing construction, when Briscoe obviously could not have obtained full prior recovery from the Owner. This is consistent with the rule that "[u]nder the Arbitration Act, an arbitration agreement must be enforced notwithstanding the presence of other persons who are parties to the underlying dispute but not to the arbitration agreement." *Cone*, 460 U.S. at 20, 103 S.Ct. at 939 (referring to possible indemnitor). In addition, most of the provisions relied on by Briscoe are best seen as defenses to recovery rather than conditions precedent to adjudication of liability. The merits of the claim and any defenses are for the arbitrator to evaluate, not the courts. *See Bristol Farmers Market & Auction Co. v. Arlen Realty & Development Corp.*, 589 F.2d 1214, 1217 (3d Cir.

1978). Given the rule of resolving all doubts in favor of arbitration, we cannot construe the subcontract provisions relied on by Briscoe as conditions precedent to arbitration.

Two other points must be dealt with briefly.

■ First, *both* parties requested a stay of the district court action pending arbitration, and Briscoe does not appeal from that portion of the order. Acquiesence with the stay order is inconsistent with appealing the order to arbitrate. Where a defendant resists arbitration, it is erroneous for a court to stay its own proceedings without ordering arbitration. To do so would deprive the plaintiff of *any* means of recovery absent an additional and wasteful action to compel arbitration. *See Cone*, 460 U.S. at 27, 103 S.Ct. at 943; 9 U.S.C. § 4.

■ Second, Briscoe claims that pursuant to the subcontract, New Jersey law rather than federal law governs the question of arbitrability. However, the Supreme Court has expressly stated that federal law governs the issue of the arbitrability of contractual disputes within the coverage of the Act, whether the action is in state or federal court. *Cone*, 460 U.S. at 24, 103 S.Ct. at 941; *see also Mediterranean Enterprises*, 708 F.2d at 1463 & n. 4.

We hold that the contractual provisions relied on by Briscoe do not constitute conditions precedent to arbitration. We affirm the district court's order compelling arbitration.

## D. APPELLATE JURISDICTION OVER REFUSAL TO TRANSFER VENUE

■ Briscoe also appeals the Nevada District Court's refusal to transfer the action to the District of New Jersey. The statute allows such transfers in the discretion of the court "for the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a).

Briscoe asserts only two bases for appellate jurisdiction. First, Briscoe claims in its brief that the order denying transfer is

an appealable "final judgment." The law of the Ninth Circuit is to the contrary. *Kasey v. Molybdenum Corp. of America,* 408 F.2d 16, 18 (9th Cir.1969); 9 J. Moore, *Moore's Federal Practice* ¶ 110.13[6] (2d ed. 1983); C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3855 (1976).

Second, Briscoe asserts that if we have jurisdiction to hear other portions of the appeal, we may choose to review the venue decision also. None of Briscoe's citations are on point or from this circuit. To the extent that we have such power to extend our own jurisdiction, we decline to exercise it.

### E. CONCLUSION

We affirm the trial court's order compelling arbitration, and decline to review its refusal to transfer venue.