UNITED STEELWORKERS OF
AMERICA, AFL–CIO,
Plaintiff-Appellee,

v.

AURORA EQUIPMENT COMPANY,
Defendant-Appellant.

No. 87–1886.

United States Court of Appeals,
Seventh Circuit.

Submitted July 13, 1987.

Decided Sept. 24, 1987.

Charles E. Murphy and Ronald Turner, Murphy Smith & Polk, Chicago, Ill., for defendant-appellant.

William H. Schmelling, United Steelworkers of America, Chicago, Ill., Carl B. Frankel, United Steelworkers of America, Pittsburgh, Pa., for plaintiff-appellee.

Before POSNER, EASTERBROOK, and MANION, Circuit Judges.

POSNER, Circuit Judge.

We asked the parties to brief the question whether we have jurisdiction of the appeal; we do only if the district judge's order was final within the meaning of 28 U.S.C. § 1291. The facts are straightforward. The union filed a grievance complaining that the company had changed its method of operation and as a result the workers now had to work longer hours to produce the same output, thus reducing the bonus they could earn under the collective bargaining agreement for exceeding a stipulated output. The dispute was referred to an arbitrator, who ordered the company to comply with a provision of the agreement that requires it, when it changes its method of operation, to recalculate the time required to do a job. The arbitrator reserved, pending the outcome of the time study, the union's request for backpay. The company produced a study that the union argued did not comply with the arbitrator's order, because it didn't show how much more (or less) time particular jobs required under the new method of operation. Meanwhile the union had brought suit in federal district court to enforce the arbitrator's order. The company defended in part on the ground that since the jobs had never been timed before the change in operating methods, there was no baseline from which to compute the increase or decrease in the time required to perform them, and therefore the study was the best that could be done; hence the company had complied with the arbitrator's order. The district court agreed with the union that the company's study was not responsive to the arbitrator's order but thought the point about the absence of a baseline also a good one and directed the arbitrator to consider it. And, noting that the arbitrator had not yet computed backpay, the court not only

ordered the company to perform a new, complying study but also ordered that "The time study is to be submitted to the arbitrator [name], to whom this case is remanded, for consideration of the additional issue raised before this court [the baseline issue], and for a determination of the appropriate award, if any, in light of the study." The company has filed a notice of appeal from this order.

Latent in this appeal are several interesting questions that we shall not, indeed cannot properly, reach: the problematics of retention of jurisdiction by arbitrators (on which see *Dreis & Krump Mfg. Co. v. International Ass'n of Machinists & Aerospace Workers, Dist. No. 8*, 802 F.2d 247, 250 (7th Cir.1986)); whether this arbitrator retained jurisdiction of this matter; and whether the arbitrator's order was sufficiently definitive for the union to be entitled to seek judicial enforcement of it. A prior question is whether we have jurisdiction of the appeal; if not, we cannot decide any questions about the district court's decision.

■ When a district court remands a case to an administrative agency for further proceedings, the court's order is not a final judgment for purposes of appeal under 28 U.S.C. § 1291. See *In re Goldblatt Bros. Inc.*, 758 F.2d 1248, 1250 (7th Cir. 1985); also *Freeman United Coal Mining Co. v. Director, Office of Workers' Compensation Programs*, 721 F.2d 629 (7th Cir.1983), and other cases cited in *Shearson Loeb Rhoades, Inc. v. Much*, 754 F.2d 773, 776 (7th Cir.1985). In *Much* we extended this principle to remands to arbitrators. See *id.* at 775–78. The company argues that we should reexamine *Much* in light of *United Steelworkers of America, District 36 v. Abdill Management Corp.*, 754 F.2d 138, 140 and n. 1 (3d Cir.1985), where the Third Circuit had reached the contrary result.

*Abdill* points out that an order to arbitrate, like an order to provide a hearing for a person who has shown that the denial of a hearing violated his right to due process of law, see *Hameetman v. City of Chicago*, 776 F.2d 636, 640 (7th Cir.1985), is not interlocutory merely because it necessarily contemplates further proceedings. If it were, then an order to arbitrate which ended the district court proceeding—because that order was all the plaintiff had sought —would not be appealable under section 1291, and it is. For the general principle see *University Life Ins. Co. v. Unimarc Ltd.*, 699 F.2d 846, 848 (7th Cir.1983); with respect to suits (such as this one) under section 301 of the Taft-Hartley Act, 29 U.S.C. § 185, see *Goodall-Sanford, Inc. v. United Textile Workers*, 353 U.S. 550, 77 S.Ct. 920, 1 L.Ed.2d 1031 (1957).

■ But we think it possible to distinguish between an order to arbitrate and a remand to the arbitrator, having due regard for the advisability of minimizing appeals that disrupt and delay arbitrations. The order to arbitrate thrusts the defendant into a forum not of his choice, for what may prove to be protracted and costly proceedings; and the merits of the order are independent of what those proceedings might bring to light. Such an order is different from an order of remand designed (as in this case) to clarify the record before judicial review of the arbitration can proceed to final judgment. Because the arbitrator had neither addressed the question whether a time study was relevant given the absence of baseline statistics, nor computed the monetary relief to which the union might be entitled, the district court did not have before it an arbitration award that could be reviewed meaningfully. Review by this court is equally premature. The situation is no different in practical terms than if the district court had remanded an administrative order for clarification or amplification. The argument against piecemeal review is at least as strong in the arbitration context as in the administrative-review context, and we therefore conclude that the district court's order was not final. Nor can it be assimilated to an injunction, appealable without regard to finality under 28 U.S.C. § 1292(a)(1). Not every order to do something is an injunction; with exceptions unnecessary to dwell on here since none would cover this order, a procedural order is not an injunction. See, e.g., *Conti-*

*commodity Services, Inc. v. Ragan,* 826 F.2d 600, 601–02 (7th Cir.1987); *In re City of Springfield,* 818 F.2d 565, 567–68 (7th Cir.1987); *United States v. Hanson,* 795 F.2d 35, 38–39 (7th Cir.1986).

The appeal is dismissed for lack of jurisdiction.