UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-60597

_____


MARSHALL DURBIN COMPANIES, INC.,

Plaintiff-Appellee,

V.

UNITED FOOD AND COMMERCIAL WORKERS UNION, LOCAL 1991,

Defendant-Appellant.


_____

Appeal from the United States District Court
For the Southern District of Mississippi
2-98-CV-241-PG
_____

May 15, 2001

Before DAVIS, WIENER and STEWART, Circuit Judges.

PER CURIAM:[*]

This case arises out a dispute between Theatrice Taylor and her employer, Marshall Durbin Companies, Inc. (the "Company"). The Company fired Taylor because it concluded that she had been insubordinate. Taylor filed a grievance with Local 1991 of the United Food and Commercial Workers Union (the "Union"). The Company and the Union eventually submitted their dispute to an arbitrator pursuant to the terms of their collective bargaining agreement. The arbitrator decided that Taylor should be

_____

[*]Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

reinstated, "without back pay."

The Company did not reinstate Taylor, but instead chose to challenge the arbitrator's decision in court pursuant to the terms of the Federal Arbitration Act, 9 U.S.C. § 1, et seq. The Union counter-claimed for enforcement of the award, including back pay for Taylor from the date of the arbitrator's decision to the date of her eventual reinstatement, and for an award of its attorney's fees. After careful deliberation, the district court confirmed the arbitrator's decision. The Company then reinstated Taylor. However, the district court refused to award Taylor back pay from the date of the arbitrator's decision to the date of her reinstatement or to award the Union its attorney's fees. The Union now appeals from that part of the district court's judgment denying Taylor back pay and denying the Union its attorney's fees.

I.

Our review of a district court's confirmation of an arbitrator's decision is de novo. Executone Info. Sys. v. Davis, 26 F.3d 1314, 1320 (5th Cir. 1994). Though the arbitrator decided that Taylor should be reinstated without back pay, he did not address the possibility of a delay in that reinstatement due to a challenge by the Company to his decision. The collective bargaining agreement also does not address the issue of a delay in the reinstatement of an employee due to the Company challenging the decision of an arbitrator. The arbitrator's decision is simply ambiguous on the back pay issue in this case. Where an

-2-

arbitrator's decision is ambiguous, remand to the arbitrator to resolve the ambiguity is the best course of action. Glass Molders International Union, Local 182B v. Excelsior Foundry Co., 56 F.3d 844, 849 (7th Cir. 1995); United Steelworkers of America, Local 8249 v. Adbill Mgmt. Corp., 754 F.2d 138, 141-42 (3rd Cir. 1985).

II.

We review a district court's award of attorney's fees to a party seeking confirmation of an arbitrator's decision only for an abuse of discretion. Bruce Hardwood Floors v. UBC, Local 2713, 103 F.3d 449, 453 (5th Cir. 1997). The district court's careful review of the arbitrator's decision shows that the Company's challenge to the decision was not without justification. Therefore, the district court did not abuse its discretion in refusing to award the Union its attorney's fees. Id.

III.

The district court's judgment that Taylor is not due back pay from the date of the arbitrator's decision to the date of her reinstatement is VACATED and REMANDED to the district court with instructions to remand this case to the arbitrator to resolve the back pay issue. The district court's judgment is otherwise AFFIRMED.

VACATED AND REMANDED WITH INSTRUCTIONS IN PART, AFFIRMED IN PART.