**NOT FOR PUBLICATION**

FILED

JUN 12 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| REGIONAL LOCAL UNION NO. 846, AFL-CIO, International Association of Bridge, Structural, Ornamental and Reinforcing Iron Workers, By and Through Jose Mendoza, In His Representative Capacity as Business Manager; et al., <br><br> Plaintiffs-Appellees, <br><br> v. <br><br> GULF COAST REBAR, INC., fka Gulf Coast Placers, Inc., a Florida Corporation, <br><br> Defendant-Appellant. | No. 16-35651 <br><br> D.C. No. 3:11-cv-00658-AC <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Judge, Presiding

Submitted June 8, 2018**
Portland, Oregon

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes that this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

Before:  GRABER and M. SMITH, Circuit Judges, and KORMAN,[***] District Judge.

Defendant Gulf Coast Rebar, Inc., is a party to a collective bargaining agreement with Plaintiff Regional Local Union No. 846, AFL-CIO, International Association of Bridge, Structural, Ornamental and Reinforcing Iron Workers ("Union").  Plaintiffs Regional District Council Welfare Plan and Trust, Regional District Council Retirement Plan and Trust, Regional District Council Training Trust, and Regional District Council Vacation Trust Fund ("Trusts") are ERISA trusts to which Defendant makes contributions.

In this action, the Trusts sought to obtain fringe benefit contributions that they claimed Defendant owed (Count I of the operative complaint).  The Union sought to recover damages that it claimed Defendant owed for dues and working assessments, as required by the collective bargaining agreement (Count II of the operative complaint).  The collective bargaining agreement contains a mandatory arbitration clause that binds "any employee or the Union" but not the Trusts.  The district court issued an Opinion and Order, but no separate judgment.  The Opinion and Order granted Defendant's motion to compel arbitration and, accordingly, dismissed Count II without prejudice.  But the court merely stayed the Trusts'

---

[***] The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

Count I claims.  Defendant appeals.  Because we conclude that we lack jurisdiction, we dismiss the appeal.

Federal Rule of Civil Procedure 54(b) provides, as relevant here:

> When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.  Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties . . . .

(Emphases added.)  The Opinion and Order did not adjudicate or dismiss the Trusts' claims.  Because the district court did not make an express determination that there is no just reason for delay in resolving the Union's claims, the Opinion and Order did not end the action.  For that reason, we lack jurisdiction.  SEC v. Capital Consultants LLC, 453 F.3d 1166, 1174 (9th Cir. 2006) (per curiam).

To support its argument that the Union's claim is immediately appealable, Defendant relies on International Alliance of Theatrical Stage Employee & Moving Picture Technicians, IATSE Local 720 v. InSync Show Productions, Inc., 801 F.3d 1033 (9th Cir. 2015).  But International Alliance contradicts Defendant's argument.  There, we observed that Goodall–Sanford, Inc. v. United Textile Workers of America, A.F.L. Local 1802, 353 U.S. 550 (1957), "permits review of

3

appeals from orders compelling arbitration as the '<u>full relief sought</u>' in" Labor Management Relations Act cases. <u>Int'l All.</u>, 801 F.3d at 1038 (emphasis added) (quoting <u>Goodall-Sanford</u>, 353 U.S. at 551) (collecting cases). We also held that, in the context of both the LMRA and the Federal Arbitration Act, "a district court presented with a petition to compel arbitration <u>and no other claims</u> cannot prevent appellate review of an order compelling arbitration by issuing a stay." <u>Id.</u> at 1041 (emphasis added). Here, the court was presented with additional claims, and the stay pertained to those separate claims and not to the Union's LMRA claim.

**Appeal DISMISSED.**