SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 722, AFL–CIO, Plaintiff,

v.

CHILDREN'S HOSPITAL NATIONAL MEDICAL CENTER, Defendant.

Civ. A. No. 84–0371.

United States District Court, District of Columbia.

June 13, 1984.

Opinion on Motion to Stay and Alter Judgment July 2, 1984.
Opinion on Motion for Contempt Sept. 14, 1984.

Phillip R. Kete, Washington, D.C., for plaintiff.

Patricia R. Ambrose, Hogan & Hartson, Washington, D.C., for defendant.

## MEMORANDUM

OBERDORFER, District Judge.

Cross-motions for summary judgment frame for decision issues about an Arbitrator's award which sustained an employer's decision to discipline an employee, but modified the discipline imposed. The parties' statements of undisputed facts filed pursuant to Local Rule 1–9(h) establish that the employee, a unit clerk at Children's Hospital National Medical Center (the "Hospital"), became provoked by teasing with racial implications which she received from three male patients who were about 11 years old. She reacted by laying hands on one of the boys and scolding him in a way which upset him. The Hospital determined that the employee "had lost complete control over her conduct, ... could not be trusted with patients again," and should be discharged.

The employee's union filed a grievance on account of the discharge. The grievance culminated in an arbitration before an arbitrator selected from a list furnished by the Federal Mediation and Conciliation Ser-

vice. At the arbitration hearing the employee's representative stated, without contradiction by the employer, the issue for arbitration to be:

[W]as the Grievant ... discharged for just cause? *If not, what is the remedy?* (Emphasis added).

*In the Matter of the Grievance Arbitration Between The Children's Hospital National Medical Center and the Service Employees International Union* (Oct. 21, 1983) at 5; Post-Hearing Brief of the Union at 1. After the hearing, the Arbitrator ruled that the employer was justified in disciplining the employee (*id* at 8), and that her "actions were a very serious matter and clearly warranted strong discipline," but that the circumstances did not justify her discharge. *Id.* at 9. The Arbitrator reduced the sanction to a 30–day suspension and ordered the employee reinstated with back pay, stating:

On the question of the extent of the penalty, however, the Arbitrator believes discharge to be too extreme in this case. Although the boys' stupid racial slur was not sufficient to excuse the Grievant's angry response, the Nurses should have been more sensitive to their import and to the Grievant's feelings about them. This must be considered as a mitigating circumstance. Also, there is no evidence that up to that time the Grievant had not been a satisfactory employee, or any definite proof that the Grievant injured [the young patient]. In these circumstances, the Arbitrator is persuaded that the Grievant should be given the benefit of corrective discipline. . . .

Accordingly, the Arbitrator finds the discharge was not for just cause. It is modified to a disciplinary suspension of 30 calendar days. This is a stiff penalty, but it is necessary to fully impress upon the Grievant that in the future she should not under any circumstances touch a patient in anger.

*Id.* at 8–9.

Neither party mentioned to the Arbitrator before or in the course of the hearing, provisions of the collective bargaining agreement that

the hospital recognizes the principle of progressive discipline and will utilize it when appropriate; provided, however, this principle shall not restrict the Hospital in its discretion to determine the appropriate discipline based on the facts of each case.

Agreement, Article III, Section 3.01. In an application for reconsideration, however, the employer asked the Arbitrator to reconsider his ruling, and, for the first time, invoked the provisions of the collective bargaining agreement which gave it discretion with respect to so-called progressive discipline. Defendant's Ex. D. The Arbitrator denied the application for reconsideration on the ground that "once an arbitrator has rendered an award, the arbitrator has no further power over the case." Ruling on the Employer's Request to Correct the Arbitrator's Decision (Jan. 25, 1984) at 3.

Defendant asserts in support of its motion for summary judgment that the Arbitrator exceeded his authority when he modified the discharge. The Hospital also asserts that the Arbitrator's decision should be set aside because it violates local public policy, primarily District of Columbia law proscribing assault and battery, and the Hospital's duty to protect its patients.

Plaintiff counters that the Arbitrator did no more than decide the issue presented by the parties, that the Arbitrator was authorized by the essence of the collective bargaining agreement to resolve the issues so presented, that the Arbitrator's decision to modify the discharge was based on other considerations than the principle of "progressive discipline," that the local public policy against assault and battery and the Hospital's legal obligation to protect its patients does not mandate discharge as distinguished from some other penalty, and that overall the national policy favoring resolution of labor disputes by arbitration requires confirmation of this award.

Defendant's principal contention is that Article III, section 3.01 of the collective bargaining agreement withheld from

the Arbitrator jurisdiction to review the employer's exercise of its "discretion to determine the appropriate discipline." Memorandum of Points and Authorities in Support of Defendant's Motion for Summary Judgment at 12. The short answer to this contention is that both parties plainly submitted the question of "remedy" to the Arbitrator when the employee stated the question to include, without exception from the Hospital, " ... what is the remedy?" Here, the employer failed to invoke the allegedly restrictive provisions of the contract until after the Arbitrator ruled. Both parties waived any objection to the Arbitrator's jurisdiction to review the remedy when they submitted the issue to him on the record. Cf. *International Brotherhood of Teamsters v. Washington Employers Inc.*, 557 F.2d 1345, 1350 (9th Cir. 1977). Moreover, the Arbitrator's decision not to reopen his decision was, in the circumstances, appropriate and thoroughly consistent with the policy of arbitration law that decisions be rendered swiftly. *See United Steelworkers v. Enterprise Corp.*, 363 U.S. 593, 599, 80 S.Ct. 1358, 1362, 4 L.Ed.2d 1424 (1960).

■ In addition, the employee demonstrates persuasively that, contrary to the employer's contention, the contract language giving it "discretion" with respect to "the appropriate discipline" does not foreclose arbitration of excessive discipline. Plaintiff notes that in contractual areas where the parties agreed to preclude arbitration, they said so in plain words. Thus in Article II, section 2.02 of the collective bargaining agreement, the parties both vest discretion to subcontract in the employer and specifically withdraw exercise of that discretion from the arbitration process. More important, another contract provision specifically subjects to the grievance procedure, presumably including arbitration, "any complaint by an employee or the union relative to any disciplinary action." Agreement, Article III, Section 3.02.

■ The employee has effectively countered the employer's claim that reduction of the penalty was contrary to the public policy against assault, battery, and requiring hospitals to protect patients. Assuming such a policy to be important and clearly established by law, the Arbitrator's decision is not inconsistent with that policy. He condemned the employee's action and prescribed punishment for it. Nothing in law or policy clearly proscribes employment in a hospital, even a hospital for children, of a person who has been involved in an incident of the sort related here. Even if the employee had been prosecuted and convicted (which she conspicuously was not), there is no law or policy which would have barred her from future employment in a hospital for children. Cf. *Amalgamated Meat Cutters and Butcher Workmen v. Great Western Food Co.*, 712 F.2d 122 (5th Cir.1983) (drunk commercial driver); *American Postal Workers Union v. U.S. Postal Service*, 682 F.2d 1280 (9th Cir.1982), *cert. denied*, 459 U.S. 1200, 103 S.Ct. 1183, 75 L.Ed.2d 431 (1983) (strike against the government).

Nor does the Arbitrator's adjustment of the remedy condone abuse of hospital patients by hospital employees. The Arbitrator's decision does not preclude discharge of a drunk, a drug abuser, a person who becomes violent without provocation, or a repeat offender. Rather it subjects the decision as to punishment to the same law of the workplace which determines in the first instance whether any discipline is indicated.

It appearing that plaintiff is entitled to enforcement of the arbitration award as a matter of law, plaintiff's motion is granted, and defendant's motion denied, in the accompanying order. As defendant's position does not evince bad faith, each party shall bear its own attorneys' fees.

### ON MOTIONS TO STAY AND ALTER JUDGMENT

A June 13, 1984, Order granted plaintiff union's motion for a summary judgment enforcing an arbitration award which reinstated a clerical employee of defendant hospital, with back pay from May 28, 1983. On June 22, 1984, defendant appealed and

applied for a stay pending appeal, indicating in its application that it is agreeable to posting a supersedeas bond. Meanwhile, plaintiff moved to have the judgment altered to state more specifically the relief there contemplated.

In respect to the stay motion, the Court has carefully considered the likelihood that the defendant would succeed on appeal, and the effects on each of the parties and the public of either granting or denying the motion. With appropriate caveats, the Court is of the view that success on appeal is not likely. Moreover, the employee's interest in reinstatement and back pay (considered in light of her personal circumstances as related in a supporting affidavit) outweighs the injury which the hospital would suffer if it reinstated her to her particular position (or an equivalent one) and paid her the back pay which the arbitrator determined to be due to her.

There is a public interest in the caliber of employees at hospitals and the risk to the public of violent employees. There is also a counter-balancing public interest in swift and final arbitration awards.

▇ The defendant has not demonstrated to the satisfaction of the Court that the plaintiff is unaffected by the "stiff penalty" * approved by the arbitrator and the proceedings before the arbitrator and in this Court or that her reinstatement with back pay poses a significant risk of violence or other disturbances to patients at the hospital or to the public generally. Nor has defendant established that this risk outweighs the considerable public interest in the swift implementation of awards of labor arbitrators. On balance against the hardship which a stay would inflict on plaintiff, the defendant's concerns and the public interest it invokes do not justify a stay.

In view of the foregoing it is not necessary to consider whether the defendant should post a supersedeas bond. *Compare Federal Prescription Service v. American*

*Pharmaceutical Ass'n,* 636 F.2d 755 (D.C. Cir.1980) (court may stay an order pursuant to Fed.R.Civ.P. 62(d) without requiring a supersedeas bond).

The motion to alter the judgment is premature. It is not likely that this defendant and its highly responsible, public-spirited management would quibble about the meaning of the June 13 Order as explained in the Memorandum which accompanies it. Should that happen it would not consume much time for the Court to clarify any ambiguity in the Order and to enforce it. Therefore, the motion to alter is denied.

IT IS SO ORDERED.

## ON MOTION FOR CONTEMPT

There is before the Court a peripheral dispute about whether defendant should reimburse plaintiff for expenses incurred in its effort to compel defendant to comply with the Court's order to reinstate Mrs. Cassandra V. Lee to her job as a unit clerk at Children's Hospital National Medical Center.

As described in the previous memorandum in this matter, this case arose from the hospital's discharge of Mrs. Lee, who is represented by the plaintiff union, on April 27, 1983. An arbitrator's decision entered January 5, 1984, modified Mrs. Lee's discharge from the hospital to a disciplinary suspension of 30 calendar days and ordered that

> [t]he Grievant shall be reinstated as an employee with full seniority, no loss of benefits and reimbursement for all earnings lost beginning from May 28, 1983 to the date of her reinstatement.

The complaint, filed February 3, 1984, described the action as one to "enforce the January 5, 1984, award." The complaint alleged that defendant "refuses to comply with the arbitrator's award," and prayed that the Court "[o]rder the hospital to comply with the January 5, 1984, award ...

---

* *See* Memorandum filed June 13, 1984 at 3 citing *In the Matter of the Grievance Arbitration Between The Children's Hospital National Medical Center and the Service Employees International Union* (Oct. 21, 1983) at 8–9.

including both reinstatement and back pay."

The case came to issue on cross-motions for summary judgment. These motions were resolved by a Memorandum and Order on June 13, 1984. The Memorandum concluded:

It appearing that plaintiff is entitled to enforcement of the arbitration award as a matter of law, plaintiff's motion is granted, and defendant's motion denied, in the accompanying order.[1]

The Order provided, in terms proposed by plaintiff, that

plaintiff's motion for summary judgment in favor of its claims be GRANTED, and judgment is hereby entered in plaintiff's favor.

On June 22, 1984, defendant moved for a stay pending appeal, notice of which it had already filed. The defendant's motion for a stay pending appeal invoked Rule 62(d) of the Federal Rules of Civil Procedure to claim, as a matter of right, extension of the back pay award. Motion at 3. The motion also advanced a number of arguments to support a stay "pending appeal of this Court's Order enforcing the Arbitrator's order to reinstate the Grievant [Mrs. Lee]." *Ibid.* The motion concluded:

For the above reasons, the Defendant respectfully requests this Court to Stay its Order enforcing the Arbitrator's award pending appeal.

After opposing this motion, plaintiff moved—on July 2, 1984—to alter the judgment in this case "to show the specific relief ordered by the Court." Although plaintiff stated that the text of the Memorandum opinion left "no doubt" about the result intended by the Court, plaintiff nevertheless urged that:

Because the order does not specifically direct defendant to reinstate [Mrs. Lee] and to pay her back pay, there might eventually be difficulty in using the

Court's contempt powers to enforce that result.

*See Fujiwara v. Clark,* 477 F.Supp. 809 (D.Haw.1979). On that same date, the Court, emphasizing Mrs. Lee's difficult personal circumstances and "the considerable public interest in swift implementation of the awards of labor arbitrators," denied both defendant's motion for a stay and plaintiff's motion to alter judgment. As to the latter, the Court held that the motion to alter the judgment is "premature," and observed:

It is not likely that this defendant and its highly responsible, public spirited management would quibble about the meaning of the June 13 Order as explained in the Memorandum which accompanied it. Should that happen it would not consume much time for the Court to clarify any ambiguity in the Order and to enforce it.

On July 9, 1984, plaintiff filed a motion for contempt on account of defendant's failure to reinstate Mrs. Lee or to obtain a stay. Defendant opposed the motion on the ground that it had moved in the Court of Appeals for a stay of this Court's Order pending appeal. According to defendant:

Under Rule 62(a) ... the Hospital was entitled to an automatic stay of the district court's order for ten days after it was entered on June 13, 1984.

Defendant's Opposition at 4. Thereafter, defendant urges, its failure to reinstate Mrs. Lee pending action by the Court of Appeals on the stay application was not contumacious because the Court of Appeals could be expected to rule promptly and because of the harm which Mrs. Lee might cause at the hospital if she were reinstated pending appeal.

On July 13, 1984, the Court of Appeals denied defendant's motion "for a stay of that part of the District Court judgment enforcing the arbitrator's enforcement order."[2] On July 16, 1984, defendant put

---

1. The Court refused plaintiff's prayer for attorneys' fees because its "position did not evince bad faith."

2. The Court of Appeals directed this Court to stay the back pay order if defendant filed any supersedeas bond. On August 6, 1984, defendant filed a $17,000 supersedeas bond.

Mrs. Lee on its payroll, and has since reinstated her.

In enforcing the arbitrator's award the Court cast the order in a form used by this and other courts to summon public spirited, well-meaning litigants to recognize that they have lost and to act in good faith to carry out the arbitrator's award and the Court's order. Unless and until either this Court or the Court of Appeals stayed the June 13 Order, defendant had a clear and unequivocal duty to do *something*. Moreover, it was apparent—from the arbitrator's decision and its context, the plaintiff's motion for summary judgment, and the Memorandum and Order granting that motion—what defendant's obligations were: to reinstate the union member and award her back pay. Finally, it is clear that defendant's argument that an application for a stay either here or in the Court of Appeals is itself a stay is patently frivolous. Moreover, the stay sought here was not lightly denied. This Court is normally quick to grant stays pending appeal in order to accommodate the requirements of the Court of Appeals for time to consider such preliminary matters as stay applications. But this was not a routine stay application; there were also pressures on a human being, whom—an arbitrator and this Court had decided—was entitled to prompt reinstatement.

To support a contempt citation, however, the Order, not its context, is the key. After careful consideration of all the circumstances, the Court concludes that the motion for contempt should not be granted because the June 13 Order was not as clear and crisp as an order should be which is to be the predicate for a contempt citation. But the Court also concludes that the Court, the plaintiff, and the defendant knew clearly that the Order required defendant to reinstate Mrs. Lee, and to pay her, without awaiting the results of an appeal or an application for a stay pending appeal. Particularly after this Court cited defendant's reputation as public spirited and responsible, its failure at least to reinstate the employee pending appeal was "without justification," "without a basis," "vexatious," and, as to the employee, "oppressive." *See Alyeska Pipeline Co. v. Wilderness Society,* 421 U.S. 240, 258–59, 95 S.Ct. 1612, 1622, 44 L.Ed.2d 141 (1975); *National Association of Letter Carriers, AFL–CIO v. U.S. Postal Service,* 590 F.2d 1171, 1179 (D.C.Cir.1978).

In reaching this conclusion the Court has not overlooked defendant's repeated expression of concern about the threat to its patients posed by having Mrs. Lee in its employ. Nor has the Court overlooked defendant's contention that plaintiff's counsel was "quick on the trigger" in seeking judicial intervention when defendant did not immediately reinstate the employee pending consideration of its stay application in this Court and in the Court of Appeals. Nor has the Court overlooked defendant's claim that it mooted the issue raised by plaintiff when finally on July 22, 1984, it reinstated her and made a partial payment on her back pay claim. These contentions are patently without merit. Defendant may believe that plaintiff has pressed what may appear to some to be a "small point," but the relief will be commensurately small: the expense incurred by plaintiff in proceedings before this Court to secure compliance by defendant with the Court's Order of June 13, 1984.

