**HARRISON BAKING COMPANY,**
Plaintiff,

v.

**BAKERY AND CONFECTIONERY WORKERS, LOCAL NO. 3, AFL–CIO,** Defendant.

No. 90 Civ. 6548 (CSH).

United States District Court,
S.D. New York.

Nov. 12, 1991.

Clifton Budd & DeMaria, New York City (Thomas W. Budd, of counsel), for plaintiff.

Spivak, Lipton, Watanabe & Spivak, New York City (Franklin K. Moss, of counsel), for defendant.

## MEMORANDUM OPINION AND ORDER

HAIGHT, District Judge:

This case is before the Court on defendant's motion to hold plaintiff in contempt, to obtain for Douglas Brown his full back pay from the date of this Court's original judgment, and for attorneys' fees. Plaintiff has also moved for attorneys' fees.

### BACKGROUND

The events at issue in this case arise out of efforts of the Bakery and Confectionery Workers, Local No. 3, AFL–CIO ("Local 3") to obtain reinstatement for Douglas Brown, an employee of plaintiff Harrison Baking Company ("Harrison"). On September 5, 1990 an arbitrator, selected pursuant to a collective bargaining agreement between plaintiff and defendant, ruled in favor of Brown and ordered that he be reinstated to his prior position with defendant within thirty days of the date of the award.

On October 10, 1991 Harrison filed this suit to set aside and vacate the arbitrator's award. The parties cross moved for summary judgment and in an Opinion, Order and Judgment dated March 1, 1991 this Court confirmed the arbitrator's award. In its opinion the Court stated "Brown has wrongfully been denied reinstatement since the running of 30 days from the date of the arbitrator's award." Slip. op. at 14. The Opinion, Order and Judgment were docketed on March 5, 1991.

Counsel for plaintiff, Thomas W. Budd, states that on March 6, 1991 he received a copy of this Court's order and that on the same day counsel for defendant called him concerning compliance with it. Budd states that he told counsel for defendant that he would discuss the matter with his client. On March 7, 1991 Budd reports that he discussed this Court's order with his client and that client asked that he appeal the order and seek a stay of reinstatement. Reply Affidavit of Thomas W. Budd dated March 19, 1991 ("Budd Reply Aff.") ¶¶ 2–3. On March 8, 1991 an associate of Budd's, Suzanne B. Seiden, had a phone conversation with counsel for defendant and informed him that Harrison would be appealing the Court's order and would be seeking a motion to stay pending appeal. Seiden admits that in that conversation counsel for defendant stated that the Union would be filing a motion to hold Harrison in contempt of the March 1, 1991 Order and Judgment, although she states that she did not respond definitely to counsel for defendant's statement because she did not understand why he was planning to file a contempt motion so soon. Affidavit of Suzanne B. Seiden dated April 1, 1991 ("Seiden Aff.") ¶ 4.

On March 11, 1991 Seiden reports that counsel for defendant offered a "partial stay" whereby the union would agree to no reinstatement for Brown if Harrison would

pay him during appeal. However, when Budd talked with his client, Harrison stated that it would not agree to a partial stay. On March 13, 1991 Seiden informed counsel for defendant that a partial stay was unacceptable to her client and that plaintiffs would be filing a motion to stay pending appeal as soon as possible. Seiden Aff. ¶¶ 5, 8; Budd Reply Aff. ¶¶ 5–6.

Counsel for defendant does not dispute that he had several conversations with counsel for plaintiff but he disputes the content of those conversations. Counsel for defendant states that between March 8 and March 13, 1991 he had several conversations with Seiden, during which he threatened contempt and asked whether Harrison intended to comply with this Court's order pending a decision on Harrison's motion for a stay. Counsel for defendant avers that the answer was repeatedly no. Counsel for defendant states that in one conversation, either Seiden or Budd told him that Harrison would "probably" reinstate Brown if the motion for a stay was denied but that no firm commitment was made. Supplemental Declaration of Franklin K. Moss ("Moss Supp. Decl.") ¶ 2. Seiden responds that at no time did she inform Moss that her client would not comply with the Court's order. Seiden Aff. ¶ 9.

On March 15, 1991 plaintiff filed and served its Notice of Motion to Stay Pending Appeal with the Court and also filed a Notice of Appeal to the Second Circuit of this Court's denial of plaintiff's summary judgment motion and granting of defendant's summary judgment motion. Budd contends that plaintiff moved expeditiously to file this motion because the decision was docketed on March 5, 1991 and the motion was filed ten days later on March 15, 1991. Budd also notes that the discussions of a proposed "partial stay" delayed the filing of the motion but were in fact good faith settlement negotiations. Budd contends that the motion for a stay was timely because of the automatic ten day stay provided for under Fed.R.Civ.P. 62(a), which Budd contends is applicable to this case. Budd Reply Aff. ¶¶ 7–9.

At the time counsel for defendant moved for contempt, Budd stated that the contempt motion was merely an attempt to prevent plaintiff from applying for a stay that it asserts it is entitled to under Rule 62(a). Budd also stated that if the Court denied the stay, it would of course comply with the Court's Order although it planned to seek an emergency stay from the Second Circuit. However, Budd asserted that if the stay was not granted and if an emergency stay could not be obtained, plaintiff would immediately reinstate Brown under the terms of the Court Order. Budd Reply Aff. ¶¶ 10–11. Counsel for defendant avers that at no time did Budd or Seiden mention that they believed that the ten day automatic stay of Fed.R.Civ.P. 62(a) was applicable to the Court's Order. Moss Supp. Decl. ¶ 4.

Counsel for defendant states that when he received a motion for a stay on the afternoon of March 15, 1991 returnable March 29, 1991, it was clear to him that Harrison would not comply absent a contempt motion and so he spent that weekend preparing an Order to Show Cause. Moss Supp. Decl. ¶ 3.

On March 18, 1991 the Court signed defendant's Order to Show Cause and made it returnable on March 21, 1991. Budd states that after he became aware of the Order to Show Cause he contacted counsel for defendant and informed him that plaintiff would pay Brown as if he had worked from March 18, 1991 until the Court decided on whether or not to grant a stay of the Court's Order. Counsel for defendant stated that payment without reinstatement would be satisfactory but that he believed that Brown should be paid from on or about March 5, 1991 the date the Court's Order was docketed. Counsel for plaintiff asserted that under Fed.R.Civ.P. 62(a) there was an automatic stay on the Court's Order running through March 15, 1991 and since that was a Friday the first date on which compliance was required was March 18, 1991. Counsel for defendant disagreed with that position but indicated that he was willing to discuss the matter further. Budd contends that during this conversation counsel for defendant at no time indi-

cated that he would be seeking payment of attorneys' fees for the work on the Order to Show Cause. Budd states that on March 20, 1991 counsel for defendant informed him that if Harrison would not agree to pay Brown from March 5, 1991 he would insist upon payment of his attorneys' fees and plaintiff refused that request. Budd Aff. ¶¶ 4–5.

On March 26, 1991, before the Court heard the motions for a stay and for contempt, Budd gave counsel for defendant a check representing Brown's straight time pay, excluding overtime, for the week ending March 22, 1991 (that is, the week beginning March 18, 1991). Despite counsel for defendant's demand for overtime pay, the check did not contain overtime pay. Moss Supp. Decl. ¶ 5; Transcript of Hearing March 26, 1991 ("Tr.") at 5.

At 4:00 p.m. on March 26, 1991 the Court denied plaintiff's motion for a stay pending appeal and reserved on defendant's motion for contempt. Tr. at 16–18. Counsel for both sides agree that on March 27, 1991 Brown was restored to his regular shift at Harrison. While Brown was paid from March 18, 1991, counsel for defendant reports that Harrison has not paid him his back pay or his overtime for the prior week (presumably the week of March 18, 1991). Budd Aff. ¶ 6; Moss Supp. Decl. ¶ 5.

At the March 26, 1991 hearing counsel for both sides were directed to submit further affidavits and briefs on the issues of contempt and attorneys' fees and they have done so.

On September 30, 1991 the Second Circuit affirmed this Court's grant of summary judgment confirming the arbitrator's award.[1]

The issues of plaintiff's alleged contempt, Brown's back pay and attorneys' fees for both sides are now fully briefed and ripe for decision.

## DISCUSSION

In its papers accompanying the Order to Show Cause, defendant argued that Harri-son was in contempt of this Court on March 17, 1991 because it had refused to reinstate Brown. Defendant asked for penalties of $186.00 per day from March 1, 1991 until the date of compliance as lost wages to Brown, and $500.00 per day coercive sanctions payable to Local 3. Defendant asked for Rule 11 sanctions against plaintiff's attorney for seeking a stay based on frivolous assertions of irreparable harm but that request was withdrawn at the March 26, 1991 hearing. Tr. at 17; Memorandum of Local 3 In Support of Application to Hold Harrison Baking Company for Contempt and for Rule 11 Sanctions and In Opposition to Motion for a Stay at 3–4.

In its supplemental papers, defendant argues that the ten day automatic stay is not applicable because this Court had issued an injunction and that even if it were, plaintiff was still in contempt. Defendant argues that plaintiff was in contempt from March 6 to March 15, 1991 because there was no automatic stay. Even if the stay is applicable, defendant argues that the plaintiff was in contempt from March 16 to March 27, 1991, when it finally reinstated Brown. Regardless, defendant argues that it should be reimbursed for its attorneys' fees on the Order to Show Cause because it was necessary to force compliance with this Court's Order. Supplemental Memorandum of Local 3 at 1–2.

Plaintiff responds that the automatic stay provision of Rule 62 meant that plaintiff was not obligated to comply until March 18, 1991. Plaintiff argues that counsel for plaintiff contacted counsel for defendant on March 19, 1991 and offered to pay Brown as if he had worked from March 18, 1991. Plaintiff contends that the Court's Order was not an injunction, and hence exempt from Fed.R.Civ.P. 62(a), because this Court did not comply with the Norris–LaGuardia Act or the provisions of Fed.R.Civ.P. 65. Memorandum of Harrison Baking In Opposition to Defendant's Application to Hold it In Contempt at 1–4.

---

**1.** After Local 3 notified the Court of the affirmance, Harrison informed the Court that the affirmance has nothing to do with the instant contempt motion and renewed its request for attorneys' fees. *See* Letter of Thomas W. Budd Dated October 7, 1991.

## Contempt and the Applicability of Rule 62

Plaintiff argues that since this Court's Order confirming the arbitrator's award was not automatically an injunction, it was subject to the automatic ten day stay of Fed.R.Civ.P. 62(a) and so plaintiff was not in contempt from March 5 through March 15, 1991. Defendant contends that since the award ordered reinstatement of Brown it was an injunction not subject to the automatic stay and so plaintiff was in contempt. While defendant does not specify the authority for contempt, it is presumably relying on Fed.R.Civ.P. 70 and the inherent power of the court. *See Spallone v. United States*, 493 U.S. 265, 276, 110 S.Ct. 625, ——, 107 L.Ed.2d 644 (1990).

> As the Second Circuit has held, parties may be held in civil contempt for failure to comply with an order of the court if the order being enforced is clear and unambiguous, the proof of noncompliance is 'clear and convincing,' and [they] have not been reasonably diligent and energetic in attempting to accomplish what was ordered.

*United States v. O'Rourke*, 943 F.2d 180, 189 (2d Cir.1991) *(citing and quoting E.E.O.C. v. Local 580 Int'l Ass'n of Bridge, Structural & Ornamental Ironworkers*, 925 F.2d 588, 594 (2d Cir.1991) and *E.E.O.C. v. Local 638 ... Local 28 of the Sheet Metal Workers' Int'l Ass'n*, 753 F.2d 1172, 1178 (2d Cir.1985), *aff'd*, 478 U.S. 421, 106 S.Ct. 3019, 92 L.Ed.2d 344 (1986)). "The sanctions imposed upon a contemnor may properly serve to coerce future compliance or to remedy past noncompliance." *Perfect Fit Industries, Inc. v. Acme Quilting Co.*, 646 F.2d 800, 810 (2d Cir.1981), *cert. denied*, 459 U.S. 832, 103 S.Ct. 73, 74 L.Ed.2d 71 (1982).

▆▆ In arguing that the Court's order confirming the arbitration award was an injunction, defendant relies on *Boston Celtics Limited Partnership v. Shaw*, 908 F.2d 1041, 1049 (1st Cir.1990), where the First Circuit held that when the district court ordered an arbitration award enforced, "[t]he enforcement award was the equivalent of a preliminary injunction and amounted to a final judgment on the merits." However, in the *Boston Celtics* case the district court had also issued a separate preliminary injunction enforcing the award. Defendant also relies on the Supreme Court's holding that where a district court's order "directs" a party to take an action and uses words like "must," the order clearly has injunctive effect and cannot be defied. *See Aberdeen & Rockfish R.R. Co. v. SCRAP*, 422 U.S. 289, 307, 95 S.Ct. 2336, 2349, 45 L.Ed.2d 191 (1975).

Where the government moved for a stay pending appeal ten days after the entry of a district court's order, the Ninth Circuit found it was an abuse of discretion to hold the defendants in criminal and civil contempt because the defendants were not shown to be in "willful" defiance of the Court's order. *Clemente v. United States*, 766 F.2d 1358, 1367 (9th Cir.1985), *cert. denied*, 474 U.S. 1101, 106 S.Ct. 881, 88 L.Ed.2d 917 (1986). In *Clemente*, the determination of willfulness was critical because a mix of civil and criminal contempt is judged by criminal standards. *Id.*

It is the Court's conclusion that the order granting summary judgment and confirming the arbitrator's award was an order specifying injunctive relief that was not subject to the automatic stay of Rule 62. *See Boston Celtics*, 908 F.2d at 1049; *Aberdeen*, 422 U.S. at 307, 95 S.Ct. at 2349. An order to reinstate an employee contained in an arbitration award is not the kind of injunctive relief that is barred by the Norris LaGuardia Act, which is primarily concerned with injunctions against strikes. "[A]n injunction to enforce the terms of the arbitration award—[is] relief which would not run afoul of the restrictions in the [Norris–LaGuardia] Act." *U.P.S. (New York) v. Local 804, Intern. Broth. of Teamsters*, 698 F.2d 100, 107 (2d Cir.1983); *see also Niagara Hooker Emp. Union v. Occidental Chemical*, 935 F.2d 1370, 1374–80 (2d Cir.1991). The arbitrator's award is sufficiently definite and specific to comply with the requirements of Fed.R.Civ.P. 65(d) and it became an injunction when it was confirmed by the Court. *See e.g. Golden State Bottling Co. v.*

*N.L.R.B.*, 414 U.S. 168, 177–181, 94 S.Ct. 414, 421–23, 38 L.Ed.2d 388 (1973).

■ In *Service Employees International Union, Local 722 v. Children's Hospital National Medical Center*, 640 F.Supp. 272, 276–78 (D.D.C.1984), the district court declined to hold the defendant in contempt for not reinstating an employee pursuant to a court order but imposed attorney's fees and costs incurred by plaintiff in forcing compliance. Although the court found that the circumstances made it clear that defendant was obligated "to reinstate the union member and award her back pay," the Court did not hold defendant in contempt because the "Order was not as clear and crisp as an order should be which is to be the predicate for a contempt citation." *Id.* at 278.

The Court's order in the case at bar granted summary judgment to defendant and confirmed the arbitrator's award. The order was not cast in terms of an injunction and could plausibly, although erroneously, have been interpreted as falling under the automatic ten day stay of Rule 62(a). As the impact of the order was not as "clear and unambiguous" as is required for civil contempt, the Court will not hold plaintiff in contempt for not complying from March 5, 1991 to March 15, 1991. Once the plaintiff was faced with the Order to Show Cause on March 18, 1991, it did tell counsel for defendant that it would pay Brown under the "partial stay" proposal. While this was not full compliance, it was not "clear and convincing" evidence of noncompliance. *See O'Rourke*, 943 F.2d at 189.

■ Defendant has also asked for back pay for Brown from March 5, 1991 to March 15, 1991. Although the Court finds that the plaintiff was reasonable in believing that the automatic stay applied to the Court's order and so plaintiff is not in contempt, plaintiff was obligated to reinstate Brown as of March 5, 1991. The arbitrator's award and the Court's order made it clear that plaintiff was obligated "to reinstate the union member." *Service Employees International Union, Local 722*, 640 F.Supp. at 278. The motion for back pay from March 5, 1991 through March 15, 1991 is granted.

### Attorneys' Fees

■ While plaintiff was not in contempt of the Court's order, it did not comply until it received the Order to Show Cause obtained by defendant.

Although plaintiff appears to have believed that its motion to stay and appeal relieved it of the obligation to comply, "the vitality of [a district court's] judgment is undiminished by pendancy of the appeal. Unless a stay is granted either by the court rendering the judgment or by the court to which the appeal is taken, the judgment remains operative." *Deering Milliken, Inc. v. F.T.C.*, 647 F.2d 1124, 1129 (D.C.Cir. 1978); *C.H. Sanders v. B.H.A.P. Housing Dev. Fund Co.*, 750 F.Supp. 67, 69 (E.D.N.Y.1990). "[T]he argument that an application for a stay either here or in the Court of Appeals is itself a stay is patently frivolous." *Service Employees International Union, Local 722*, 640 F.Supp. at 278.

A motion for a stay is not a stay and plaintiff, under its own interpretation of the Federal Rules, was required to comply with this Court's order as of March 16, 1991. However, on March 19, 1991 counsel for plaintiff informed defendant's counsel that plaintiff would be willing to pay Brown until this Court decided the motion for a stay. Counsel for plaintiff also stated, "[i]f our request for a stay is not granted, the Company [Harrison] will immediately comply with the Court's Order." Budd Reply Aff. ¶¶ 9–10. Defendant was reasonable in believing from previous conversations with Budd and Seiden that plaintiff believed that an application for a stay would relieve it of compliance. When defendant received the motion for a stay returnable on March 29, 1991, he was reasonable in believing that plaintiff would not comply with this Court's Order absent an Order to Show Cause.

The defendant is entitled to its reasonable attorneys' fees incurred in obtaining the Order to Show Cause to secure plaintiff's compliance. Even where contempt is

not appropriate courts have awarded "the expense incurred by [a party] in proceedings before this Court to secure compliance by [the other party]." *Service Employees International Union, Local 722*, 640 F.Supp. at 278. The defendant in the case at bar is entitled to its reasonable attorneys' fees in obtaining the Order to Show Cause. Defendant is directed to serve and file proof of its attorneys' fees and costs, including contemporaneous time sheets, within ten (10) days of the date of this Opinion and Order. Plaintiff may file and serve papers opposing the claimed amount within ten (10) days thereafter. Defendant may have seven (7) days to reply.

As the Court finds defendant's action in securing the Order to Show Cause was reasonable to obtain compliance, plaintiff's motion for attorneys' fees in defending the Order to Show Cause is denied.

### ORDER

Defendant's motion for contempt and plaintiff's motion for attorneys' fees are denied. Defendant's motions for attorneys' fees incurred in preparing the Order to Show Cause and for back pay for Brown are granted.