**THE CASE–HOYT CORPORATION,**
Plaintiff,

v.

**GRAPHIC COMMUNICATIONS**
**INTERNATIONAL UNION**
**LOCAL 503, Defendant.**

**No. 96–CV–6284L.**

United States District Court,
W.D. New York.

Aug. 13, 1997.

Nicholas Fiorenza, Ferrara, Fiorenza, Larrison, Barrett & Reitz, P.C., East Syracuse, NY, for Plaintiff.

James R. LaVaute, Blitman & King, Syracuse, NY, for Defendant.

LARIMER, Chief Judge.

Plaintiff, Case–Hoyt Corporation ("Case–Hoyt" or "Company"), commenced this action, pursuant to § 301 of the Labor Management Relations Act, 29 U.S.C. § 185, against defendant, Graphic Communications International Union Local 503 ("Union"), to vacate an arbitration award. In a decision, filed March 18, 1997, I confirmed the arbitration award, and judgment was entered accordingly. Pending before the Court now is the Union's motion to amend the judgment, pursuant to Fed.R.Civ.P. 59(e).

## BACKGROUND

In the fall of 1993, Case–Hoyt laid off several employees as part of a restructuring and downsizing plan. The Union filed grievances on behalf of these employees, which eventually were submitted to arbitration.

On May 8, 1996, arbitrator Jeffrey M. Selchick, Esq. issued an award, finding that Case–Hoyt had violated the collective bargaining agreement in connection with the layoffs of seventeen employees. The arbitra-tor specifically ordered: (1) that the Company reinstate these employees within thirty (30) days of the award, which would have been by June 7, 1996, and restore all seniority for the period of the layoff; and (2) that the Company make the employees whole for all losses of wages and benefits for the period beginning with the date their grievances were filed, which would have been either October 25, 1993 or November 15, 1993, and ending with the date their contract expired, which would have been April 30, 1994.

Case–Hoyt refused to comply with the terms of the arbitrator's award. Instead, the Company commenced this action to vacate the award on the ground that the arbitrator exceeded his contractually limited authority in interpreting certain provisions of the collective bargaining agreement. The scope of the specific relief awarded by the arbitra-tor—reinstatement by June 7, 1996 and back pay—was not challenged by Case–Hoyt in the court action.

Ultimately, Case–Hoyt moved for summary judgment, vacating the award, and the Union cross-moved for summary judgment, confirming the award. The Union also requested make-whole relief, including back pay with interest and lost fringe benefits, computed from the date the arbitrator directed that the employees be reinstated to the date of compliance with the arbitrator's award.

In a decision, filed March 18, 1997, familiarity with which is assumed, I denied the Company's motion for summary judgment and granted the Union's motion for summary judgment. I found that the arbitrator did not exceed his contractually limited authority and, therefore, confirmed the arbitration award in its entirety. I did not, however, specifically address the Union's request for additional make-whole relief. I took for granted that by confirming the award it would be self-evident to the Company that it was required to restore the employees to the same position that they would have been in had the Company complied with the award as initially directed.

The Union now seeks an amendment of the Court's judgment to provide the employees

with this additional make-whole relief. The Union also asks this Court to accept supplemental proof, which would enable the Court to calculate the specific monetary amounts due and owing to each employee.

## DISCUSSION

■ Although I certainly have the authority to amend the judgment in the instant action, Fed.R.Civ.P. 59(e); *McCarthy v. Manson*, 714 F.2d 234, 237 (2d Cir.1983), and the authority to award the additional make-whole relief requested by the Union, *International Chem. Workers Union, Local No. 227 v. BASF Wyandotte Corp.*, 774 F.2d 43, 46 (2d Cir.1985); *United Steelworkers of Am., Dist. 36, Local 8249 v. Adbill Management Corp.*, 754 F.2d 138, 142 (3d Cir.1985); *United Steelworkers of Am. v. Dayton–Walther Corp.*, 657 F.Supp. 50, 56 (S.D.Ind. 1986); *Cliftex Corp. v. Local 377*, 625 F.Supp. 903, 908–09 (D.Mass.1986), I do not find that an amendment to the judgment is either necessary or appropriate at this time.

My order of May 18, 1997 was explicitly clear: I confirmed the arbitrator's award. "[T]he confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 176 (2d Cir.1984). This confirmation should be enough "to summon public spirited, well-meaning litigants to recognize that they have lost and to act in good faith to carry out the arbitrator's award and the Court's order." *Service Employees Int'l Union, Local 722, AFL–CIO v. Children's Hosp. Nat'l Med. Ctr.*, 640 F.Supp. 272, 278 (D.D.C.1984).

■ Pursuant to the judgment of this Court, Case–Hoyt was—and still is—required to immediately comply with the specific terms of the arbitrator's award. My confirmation would mean nothing unless the employees, as the prevailing parties, obtain the full benefit of the arbitrator's award, as of the time it was entered. Compliance necessarily means that the employees receive now what they would have received had the Company complied with the award by June 7, 1996. Such relief would include, but is certainly not limited to, the wages and benefits the employees would have received had they been reinstated then (less any amount they earned during that period), the back pay awarded by the arbitrator, and any applicable interest. This result is clearly mandated by the relevant case law. *See Adbill Management Corp.*, 754 F.2d at 142 (Court held that employees were entitled to damages for the period of their employer's noncompliance with the arbitrator's award.); *Dayton–Walther Corp.*, 657 F.Supp. at 56 (Court awarded employee back pay, plus interest, for the period beginning with the date he would have returned to work had the company complied with the arbitration award and ending with the date of compliance with the court's order.); *Cliftex Corp.*, 625 F.Supp. at 908–09 (Court found that in order to give full remedial effect to the arbitrator's reinstatement award, the employer must pay the employees the wages, plus interest, that they would have earned during the period of the company's noncompliance (less any amount they actually earned during that period).).

It is also important to note that in the instant case, the Company neither sought nor received a stay of the arbitrator's award pending review by this Court. The mere filing of a motion to review the arbitrator's award does not permit a party to simply ignore the award. *Cf C.H. Sanders Co., Inc. v. BHAP Hous. Dev. Fund Co.*, 750 F.Supp. 67, 69 (E.D.N.Y.1990) (recognizing the well-settled rule that unless a stay is granted, a judgment remains operative and is unaffected by the pendency of an appeal). Further, there is nothing in the parties' collective bargaining agreement which provides that the enforcement of the award would be stayed pending judicial review.

Quite frankly, I find no justification for the Company's failure to comply with the award. The relief to which the employees are entitled is perfectly clear from the language of the arbitrator's award. All that needs to be done is for the parties to calculate the payments owed to the employees. This is a matter of simple arithmetic that should not require the additional assistance of this Court. Accordingly, the parties are hereby ordered to work together to fully implement the arbitrator's award within thirty (30) days

of the date of this order. Any attempts by Case–Hoyt to further thwart such implementation or engage in additional dilatory tactics will not be viewed favorably by this Court.

## CONCLUSION

For the foregoing reasons, the Union's motion to amend the judgment is denied without prejudice.

IT IS SO ORDERED.