[No. B158570. Second Dist., Div. One. Jan. 28, 2004.]

ROBERT GARCIA et al., Plaintiffs and Respondents, v.
DIRECTV, INC., et al., Defendants and Appellants.

## COUNSEL

Quinn Emanuel Urquhart Oliver & Hedges, Dale H. Oliver, Michael Ernest Williams and Tiffany C. Graham for Defendants and Appellants.

Baron & Budd, Allen M. Stewart, Steve B. Jensen; McKool Smith, Lewis T. Leclair, Jill Adler; O'Neill, Lysaght & Sun, Brian C. Lysaght, Yolanda Orozco and Noah B. Salamon for Plaintiffs and Respondents.

## OPINION

**VOGEL (Miriam A.), J.—** ██ In the absence of a class action waiver, California law authorizes classwide arbitrations and vests jurisdiction in our trial courts to determine whether in a particular case that approach "offer[s] a better, more efficient, and fairer solution" than the alternatives. (*Keating v. Superior Court* (1982) 31 Cal.3d 584, 613 [183 Cal.Rptr. 360, 645 P.2d 1192], reversed on another ground in *Southland Corp. v. Keating* (1984) 465 U.S. 1 [79 L.Ed.2d 1, 104 S.Ct. 852]; *Lewis v. Prudential-Bache Securities, Inc.* (1986) 179 Cal.App.3d 935 [225 Cal.Rptr. 69]; *Izzi v. Mesquite Country Club* (1986) 186 Cal.App.3d 1309, 1319–1322 [231 Cal.Rptr. 315].) Until last year, we applied these rules to arbitrations governed by the Federal Arbitration Act (9 U.S.C. § 1 et seq.; *Blue Cross of California v. Superior Court* (1998) 67 Cal.App.4th 42, 60 [78 Cal.Rptr.2d 779]; *Sanders v. Kinko's, Inc.* (2002) 99 Cal.App.4th 1106, 1113–1114 [121 Cal.Rptr.2d 766])—but no longer. The Supreme Court has spoken, and the foundational issue—whether a particular arbitration agreement prohibits class arbitrations—must (in FAA cases) henceforth be decided by the arbitrators, not the courts. (*Green Tree Financial Corp. v. Bazzle* (2003) 539 U.S. 444 [156 L.Ed.2d 414, 123 S.Ct. 2402].)

## FACTS

DIRECTV, Inc. provides digital home satellite television services through a network of independent dealers, one of whom (Robert Garcia, later joined by others included in our references to Garcia) filed a "Class Action Demand for Arbitration" with the American Arbitration Association to resolve his claims against DIRECTV. Garcia and DIRECTV are bound by DIRECTV's standard Sales Agency Agreement, and that agreement includes an arbitration provision. Before the arbitration was heard, Garcia filed this class action lawsuit against DIRECTV (and its parent corporation), which in turn moved to compel arbitration. In April 2002, the trial court found that it (not the arbitrator) would determine the class action issues (including the threshold issue about whether classwide arbitration is prohibited by the terms of DIRECTV's agreement), found that classwide arbitration is *not* prohibited, and granted DIRECTV's motion to compel arbitration.

In previous proceedings before us, we relied on *Blue Cross of California v. Superior Court, supra,* 67 Cal.App.4th 42, and affirmed the trial court's order. (*Garcia v. DIRECTV, Inc.* (Dec. 11, 2002, B158570) [nonpub. opn.].) The California Supreme Court denied DIRECTV's petition for review, but the United States Supreme Court granted its petition for a writ of certiorari, vacated our judgment, held this case pending its resolution of *Green Tree Financial Corp. v. Bazzle, supra,* 539 U.S. 444, and then remanded the cause to us for further consideration in light of *Green Tree.* We invited further briefing and set the matter for hearing.

## DISCUSSION

### A.

The plaintiffs in *Green Tree* (Lynn and Burt Bazzle) obtained a home improvement loan from Green Tree and agreed, in the loan documents, to resolve any disputes by arbitration under the FAA. Green Tree apparently failed to provide certain consumer notices, and the Bazzles thereafter sued Green Tree in state court, then asked the court to certify their claim as a class action. In response, Green Tree moved to compel arbitration. The trial court granted both motions, certified the class action, and compelled arbitration. The arbitration hearing was held, and the arbitrator awarded more than $10 million to the class. The trial court confirmed the award. The South Carolina Supreme Court affirmed, holding that the loan documents were silent in regard to class arbitration, and that they consequently authorized classwide arbitrations. (*Green Tree Financial Corp. v. Bazzle, supra,* 539 U.S. at p. 450 [123 S.Ct. at pp. 2405–2406].)

In its petition to the United States Supreme Court, Green Tree posed the issue as whether, under the FAA, an arbitration clause silent as to class arbitration could be interpreted under state law to permit class arbitration. (*Green Tree Financial Corp. v. Bazzle, supra,* 539 U.S. at p. 447 [123 S.Ct. at p. 2404].) The Supreme Court granted certiorari (in the Bazzles' case and in another case that had followed a similar road to the high court), then held that the foundational question—that is, whether the agreement forbids class arbitration—had to be decided by the arbitrator, not the court, and that the South Carolina Supreme Court's judgment thus had to be vacated and the matter remanded to the arbitrator:

"The parties agreed to submit to the arbitrator '[*a*]*ll* disputes, claims, or controversies arising from or relating to this contract or the relationships which result from this contract.' . . . And the dispute about what the arbitration contract in each case means (*i.e.,* whether it forbids the use of class arbitration procedures) is a dispute 'relating to this contract' and the resulting 'relationships.' Hence the parties seem to have agreed that an arbitrator, not a judge, would answer the relevant question. [Citation.] And if there is doubt about that matter—about the ' "scope of arbitrable issues" '—we should resolve that doubt ' "in favor of arbitration." ' [Citation.]

"In certain limited circumstances, courts assume that the parties intended courts, not arbitrators, to decide a particular arbitration-related matter (in the absence of 'clea[r] and unmistakabl[e]' evidence to the contrary). [Citation.] These limited instances typically involve matters of a kind that 'contracting parties would likely have expected a court' to decide. [Citation.] They include certain gateway matters, such as whether the parties have a valid arbitration agreement at all or whether a concededly binding arbitration clause applies to a certain type of controversy. [Citations.]

"The question here—whether the contracts forbid class arbitration—does not fall into this narrow exception. It concerns neither the validity of the arbitration clause nor its applicability to the underlying dispute between the parties. [T]he question is not whether the parties wanted a judge or an arbitrator to decide *whether they agreed to arbitrate the matter.* [Citation.] Rather the relevant question here is what *kind of arbitration proceeding* the parties agreed to. That question does not concern a state statute or judicial procedures [citation]. It concerns contract interpretation and arbitration proce-dures. Arbitrators are well situated to answer that question. Given these considerations, along with the arbitration contracts' sweeping language concerning the scope of the questions committed to arbitration, this matter of contract interpretation should be for the arbitrator, not the courts, to decide. [Citation.]" (*Green Tree Financial Corp. v. Bazzle, supra,* 539 U.S. at p. 451 [123 S.Ct. at p. 2407].)

B.

The arbitration agreement in *Green Tree* provided that:

" 'ARBITRATION—All disputes, claims, or controversies arising from or relating to this contract or the relationships which result from this contract . . . *shall be resolved by binding arbitration by one arbitrator selected by us with consent of you.* This arbitration contract is made pursuant to a transaction in interstate commerce, and shall be governed by the Federal Arbitration Act at 9 U.S.C. section 1 . . . . THE PARTIES VOLUNTARILY AND KNOWINGLY WAIVE ANY RIGHT THEY HAVE TO A JURY TRIAL, EITHER PURSUANT TO ARBITRATION UNDER THIS CLAUSE OR PURSUANT TO COURT ACTION BY US (AS PROVIDED HEREIN) . . . . The parties agree and understand that the arbitrator shall have all powers provided by the law and the contract. These powers shall include all legal and equitable remedies, including, but not limited to, money damages, declaratory relief, and injunctive relief.' " (*Green Tree Financial Corp. v. Bazzle, supra,* 539 U.S. at p. 448 [123 S.Ct. at p. 2405], italics added by Supreme Court, capitalization in original.)

The arbitration provision in DIRECTV's agreement provides:

"18.12 ARBITRATION.

"(a) Any dispute or claim arising out of the interpretation, performance, or breach of this Agreement, including without limitation claims alleging fraud in the inducement, shall be resolved only by binding arbitration, at the request of either party, in accordance with the rules of the American Arbitration Association, *modified as herein provided.* The arbitrators shall be, to the fullest extent available, either retired judges or selected from a panel of persons trained and expert in the subject area of the asserted claims. If the claim seeks damages of less than $250,000, it shall be decided by one arbitrator. In all other cases, each party shall select one arbitrator, who shall jointly select the third arbitrator. If for any reason a third arbitrator is not selected within one month after the claim is first made, the third arbitrator shall be selected in accordance with the rules of the American Arbitration Association. The arbitrators shall apply California substantive law to the proceeding, except to the extent Federal substantive law would apply to any claim. The arbitration shall be conducted in Los Angeles, California. An award may be entered against a party who fails to appear at a duly noticed hearing. The arbitrators shall prepare in writing and provide to the parties an award including factual findings and the reasons on which their decision is based. *The arbitrators shall not have the power to commit errors of law or legal reasoning, and the award may be vacated or corrected on appeal to a court of competent jurisdiction for any such error.* The decision of the

arbitrators may be entered and enforced as a final judgment in any court of competent jurisdiction. The parties shall share equally the arbitrator's fees and other costs of the arbitration.

"(b) Notwithstanding the foregoing, the following shall not be subject to arbitration and may be adjudicated only by the Los Angeles County, California Superior Court or the U.S. District Court for the Central District of California: [¶] (1) any dispute . . . relating to . . . the validity of DIRECTV's right to offer [its service] to the public or any of DIRECTV's Trade Secrets or Marks; and [¶] (2) the request by either party for preliminary or permanent injunctive relief, whether prohibitive or mandatory, or provisional relief such as writs of attachments or possession.

"(c) This Section and any arbitration conducted hereunder shall be governed by the United States Arbitration Act (9 U.S.C. Section 1, et seq.) The parties acknowledge that the transactions contemplated by this Agreement involve commerce, as defined in said Act. This Section 18.12 shall survive the termination or expiration of this Agreement." (Italics added.)[1]

## C.

The parties' current positions are not surprising. DIRECTV tells us there is nothing to talk about—that *Green Tree* is dispositive, that it is for the arbitrator to decide whether DIRECTV's arbitration provision forbids class arbitrations, and that the trial court's order must be vacated with directions to remand the matter to the arbitrator. Garcia disagrees, pointing out that his agreement, unlike the one before the court in *Green Tree,* provides that the "arbitrators shall not have the power to commit errors of law or ·legal reasoning." According to Garcia, a remand for a decision by the arbitrator would be superfluous—because that decision would be subject to the trial court's review to determine whether the arbitrator had committed an error of law or legal reasoning, and the trial court—which has already decided that this agreement does *not* forbid class action arbitrations—would necessarily vacate an arbitral decision to the contrary. We reject Garcia's imperfect syllogism and agree with DIRECTV that the issue must be decided by the arbitrator.

First, *Green Tree* quite plainly mandates a decision made in the first instance by the arbitrator, not a decision made by the trial court and imposed

---

[1] It is undisputed that neither the *Green Tree* agreement nor DIRECTV's agreement clearly forbids class arbitration, a preliminary analysis that *might* (but then again might not) otherwise be made by the court, not the arbitrator. (*Green Tree Financial Corp. v. Bazzle, supra,* 539 U.S. at p. 450 [123 S.Ct. at p. 2406]; but see *Pedcor Management v. Nations Personnel of Texas* (5th Cir. 2003) 343 F.3d 355, 359–360.)

on the arbitrator. (*Green Tree Financial Corp. v. Bazzle, supra,* 539 U.S. at p. 452 [123 S.Ct. at pp. 2407–2408]; see also *Pedcor Management v. Nations Personnel of Texas, supra,* 343 F.3d at p. 359 ["The clarity of *Green Tree's* holding—that arbitrators are supposed to decide whether an arbitration agreement forbids or allows class arbitration—leaves us to decide only whether the instant case is sufficiently analogous to *Green Tree* to come within its rule"].)[2]

Second, the difference between DIRECTV's agreement and the one before the Supreme Court defeats rather than supports Garcia's argument. The mandate to the arbitrator to decide this case without committing errors of law or legal reasonig, and the concomitant provision that "the award may be vacated or corrected on appeal to a court of competent jurisdiction for any such error," plainly contemplate judicial review of the arbitrator's decisions of law, not judicial advice about how such decisions should be made.

Third, Garcia's approach (as shown by the cases he relies on) assumes the trial court's review of the arbitrator's decision will be de novo, apparently based on the further assumption that the arbitrator will decide the issue entirely on the basis of declarations. (See *Mayhew v. Benninghoff* (1997) 53 Cal.App.4th 1365, 1369 [62 Cal.Rptr.2d 27]; *Marcus & Millichap Real Estate Investment Brokerage Co. v. Hock Investment Co.* (1998) 68 Cal.App.4th 83, 89 [80 Cal.Rptr.2d 147].) But Garcia offers neither authority nor explanation for these assumptions—no case law, no rules of the American Arbitration Association, no discussion about custom and usage[3]—and we decline his

---

[2] As *Pedcor* also explains, the preemptive effect of the FAA overrides the parties' agreement (in our case) that the "arbitrators shall apply California substantive law to the proceeding" and makes it immaterial that, under California law, the class arbitration issues would be decided by the court rather than the arbitrator. (*Pedcor Management v. Nations Personnel of Texas, supra,* 343 F.3d at p. 362.)

[3] According to the American Arbitration Association's Web site: "In its June 23, 2003 decision in *Green Tree Financial Corp. v. Bazzle,* the United States Supreme Court held that where an arbitration agreement was silent regarding the availability of class-wide relief, an arbitrator, and not a court, must decide whether class relief is permitted. Accordingly, the American Arbitration Association will administer demands for class arbitration pursuant [to] its Supplementary Rules for Class Arbitrations if (1) the underlying agreement specifies that disputes arising out of the parties' agreement shall be resolved by arbitration in accordance with any of the Association's rules, and (2) the agreement is silent with respect to class claims, consolidation or joinder of claims. [¶] The Association is not currently accepting for administration demands for class arbitration where the underlying agreement prohibits class claims, consolidation or joinder, unless an order of a court directs the parties to the underlying dispute to submit their dispute to an arbitrator or to the Association. The arbitrability of class arbitrations where the parties' agreement precludes such relief is a developing area of the law, and the Association awaits further guidance from the courts on this issue." The association's Supplementary Rules for Class Arbitrations (effective Oct. 8, 2003), rule 3, Construction of the Arbitration Clause, states: "Upon appointment, the arbitrator shall determine as a threshold matter, in a reasoned, partial final award on the construction of the arbitration clause, whether the applicable arbitration clause permits the arbitration to proceed on behalf of or against a

invitation to decide this issue on that basis, concluding instead that the arbitrator might decide the threshold issue in a different manner, and leaving for another day a decision about the standard of review to be applied by the trial court.[4]

## DISPOSITION

The order of April 17, 2002, is reversed, and the cause is remanded to the trial court with directions to remand the matter to the arbitrator. The parties are to pay their own costs of appeal.

Spencer, P. J., concurred.

**ORTEGA, J.,** Concurring.—I concur with the result, which is to send this matter back to the trial court so it can send it to the arbitrator for the process to *begin*. I disagree with the way we are accomplishing that end. This should

---

class (the 'Clause Construction Award'). The arbitrator shall stay all proceedings following the issuance of the Clause Construction Award for a period of at least 30 days to permit any party to move a court of competent jurisdiction to confirm or to vacate the Clause Construction Award. Once all parties inform the arbitrator in writing during the period of the stay that they do not intend to seek judicial review of the Clause Construction Award, or once the requisite time period expires without any party having informed the arbitrator that it has done so, the arbitrator may proceed with the arbitration on the basis stated in the Clause Construction Award. If any party informs the arbitrator within the period provided that it has sought judicial review, the arbitrator may stay further proceedings, or some part of them, until the arbitrator is informed of the ruling of the court. [¶] In construing the applicable arbitration clause, the arbitrator shall not consider the existence of these Supplementary Rules, or any other AAA rules, to be a factor either in favor of or against permitting the arbitration to proceed on a class basis." (<http://www.adr.org/index2.1.jsp? JSPssid=15753&JSPaid=43408> [as of Jan. 7, 2004].)

[4] Implicit in *Bazzle* is the notion that, absent a class action waiver, classwide arbitration is proper under the FAA—but the Supreme Court has yet to say that is so. (*Green Tree Financial Corp. v. Bazzle, supra,* 123 S.Ct. 2402.) In fact, there are a number of unresolved issues, including those arising out of claims that class action waivers are unconscionable. (See *Keating v. Superior Court, supra,* 31 Cal.3d at p. 609 ["If the right to a classwide proceeding could be automatically eliminated in relationships governed by adhesion contracts through the inclusion of a provision for arbitration, the potential for undercutting [the principles that favor class actions], and for chilling the effective protection of interests common to a group, would be substantial," and denial of a class action in cases where it is appropriate "may have the effect of allowing an unscrupulous wrongdoer" to retain the benefits of its wrongful conduct]; *Szetela v. Discover Bank* (2002) 97 Cal.App.4th 1094, 1099–1102 [118 Cal.Rptr.2d 862] [class action waiver unconscionable]; *Ting v. AT&T* (9th Cir. 2003) 319 F.3d 1126, 1150, fn. 14 ["there is no chance that any large company like AT&T would file a class action against its customers" and the fact that "the company *may* do so is not dispositive" of the unconscionability issue]; *Ingle v. Circuit City Stores, Inc.* (9th Cir. 2003) 328 F.3d 1165, 1175–1176; *Lozano v. AT & T Wireless* (C.D.Cal. 2002) 216 F.Supp.2d 1071.) Some of these issues may be addressed in *Discover Bank v. Superior Court* (2003) 105 Cal.App.4th 326 [129 Cal.Rptr.2d 393], review granted, April 9, 2003, S113725.

not be a reversal. Rather, we should dismiss the appeal, since the order "appealed" from was interlocutory, the trial court not having fully ruled on the matters that were before it. The arbitrator, charged under *Green Tree* with the responsibility for dealing with matters in the first instance, has never seen this case. Accordingly, the matter is at least two steps removed from being ready for our *review*.

I also disagree with our issuance of an opinion, much less a published one. The history of this case calls for nothing more than our issuance of an order dismissing the appeal and sending the matter to the trial court with a citation to *Green Tree*. Unfortunately, the majority opinion carries with it the implication that the trial judge is incapable of reading *Green Tree* and following it without some amplification from us. I think otherwise.

The problem with issuing an opinion is that it purports to make certain determinations before such matters have been fully litigated before the arbitrator and reviewed by the trial court. (See e.g., from the majority opinion: "the difference between DIRECTV's agreement and the one before the Supreme Court defeats rather than supports Garcia's argument" and "[the agreement's provisions] plainly contemplate judicial review of the arbitrator's decisions of law . . . .") We are, after all, a court of *review* and should not be deciding matters until they are properly before us.